In re William Leroy LONES, Debtor.

The INDIANA NATIONAL
BANK, Plaintiff,

v.

William Leroy LONES, Defendant.

Bankruptcy No. 3–84–00769.

Adv. No. 3–84–0070.

United States Bankruptcy Court,
W.D. Kentucky.

May 15, 1985.

F. Kenneth Conliffe, Louisville, Ky., for debtor-defendant.

John A. Majors, Louisville, Ky., for plaintiff-creditor.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter is before the Court on the plaintiff's Complaint to determine the dischargeability of its debt under Section 523(a)(9) of the Bankruptcy Code.

The pertinent facts are not in dispute. On or about February 2, 1975, the debtor, William Leroy Lones, executed a promissory note to the plaintiff, Indiana National Bank, in the original amount of $20,557.44. This note was secured by a lien on a mobile home. On September 15, 1977, the defendant filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Kentucky, and listed his indebtedness to Indiana National Bank in the petition with a balance of $12,848.40. On or about October 31, 1977, the defendant executed a "Reaffirmation of Bankruptcy Agreement" with the plaintiff. Within several months of executing this agreement, the mobile home was repossessed by the plaintiff herein and sold. On February 18, 1981, Default Judgment in the amount of $7,726.81 was entered in the Jefferson Circuit Court against the defendant for the deficiency.

The debtor-defendant again filed a Chapter 7 petition on April 13, 1984 and listed therein, the plaintiff-creditor, Indiana National Bank, as an unsecured creditor. The creditor filed this adversary proceeding objecting to the discharge of this debt under 11 U.S.C. Section 523(a)(9).

The sole issue for determination by this Court is whether the debtor, by listing Indiana National Bank as a duly scheduled creditor in his previous bankruptcy and by reaffirming said indebtedness rather than allowing it to be discharged, forever waives discharge and is thus prohibited by 11 U.S.C. Section 523(a)(9) from obtaining a

discharge of the indebtedness in a subsequent bankruptcy. The plaintiff argues that by executing the "Reaffirmation Agreement" at the conclusion of his first bankruptcy proceeding, the debtor has waived discharge of this debt. The debtor argues that his reaffirmation is not equivalent to a waiver of discharge as contemplated by Section 523(a)(9).

11 U.S.C. § 523(a)(9) provides as follows: A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under Section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under Section 14(c)(1), (2), (3), (4), (6), or (7) of such Act.

Section 727 of the Bankruptcy Code, which is the heart of the fresh start provisions, must also be consulted for resolution of this issue. That Section requires the Court to grant a debtor a discharge unless one of eight conditions is met. Section 727(a)(10) states that:

(a) The court shall grant the debtor a discharge, unless—

(10) The court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

■ First, the Court notes that there is little case law confronting the issue of what constitutes a waiver of discharge. However, the Court believes that a resolution of this somewhat novel issue may be found by analyzing the applicable Bankruptcy Code provisions as they interrelate, as well as by examining the Congressional policy behind denial of discharge. Secondly, because exceptions to dischargeability substantially frustrate the fresh start objection and rehabilitative goal of the dis-. charge provisions, these exceptions are to be construed strictly against creditors objections and liberally in favor of debtors. *In re Vissers,* 21 B.R. 638 (Bkrtcy.,E.D.

Wisc.1982); *In re French,* 20 B.R. 155 (Bkrtcy.,D.Ore.1982). Further, the burden of proving that a debt comes within one of the statutory exceptions is upon the party opposing discharge of the debt. *In re Magnusson,* 14 B.R. 662 (Bkrtcy.,N.D.N.Y. 1981).

■ One of the main purposes of the Bankruptcy Act is to give debtors "... new opportunity in life and clear field for future effort, unhampered by pressure and discouragement of pre-existing debt...". *Hanover National Bank v. Moyses,* 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902). Congress, by 11 U.S.C. Section 727(a)(8) has, in essence, given the debtor this "opportunity" once every six years. If this Court was to adopt the plaintiff's position of equating a reaffirmation agreement with a waiver of discharge, a debtor who reaffirms would be *forever* waiving any opportunity to bankrupt that debt. Such a result is contrary to Congressional intent as evidenced by Section 727 of the Bankruptcy Code. The interpretation of Section 523(a)(9) as urged by the plaintiff-creditor would subject unsophisticated debtors to a lifelong obligation for a debt which is in contravention of the general purposes of the Bankruptcy Code.

Furthermore, the exceptions to discharge as established by Congress in 11 U.S.C. Section 523 evidence a denial of discharge based on either public policy decisions (taxes, alimony, government guaranteed school loans), or denial to a debtor who approaches the bankruptcy court with "unclean hands", attempting to discharge an intentional wrong he has committed. Subsection (3) prohibits the discharge of a debt not listed. However, a debt that was not listed in a prior bankruptcy (absent some bad faith on the part of the debtor), can be discharged six years later by the filing of a subsequent petition. 11 U.S.C. Section 523(b); *In re Lyons,* 287 Fed. 602 (E.D.N.Y.1922). To interpret Section 523(a)(9) to apply to any and every reaffirmation is to impose on an "innocent" debtor the same sanctions that would apply to one who has committed a "wrongful" act against a creditor. Such result was not the intent of Congress nor does it promote the policy of

the statute. As stated by the Ninth Circuit Court of Appeals in *In re Klapp*, 706 F.2d 998, 1000 (9th Cir.1983):

> By enacting Section 523(a)(9), Congress evinced an intent to deter the various sorts of debtor misconduct, such as dishonesty and uncooperativeness, that are described in Section 727(a) and listed in Section 523(a)(9). Denying discharge to debtors who were denied discharge in a prior proceeding for perpetrating such enumerated misdeeds is a deterrent within the policy of the statute.

This Court believes that the purpose of Section 523(a)(9) is to deter debtor misconduct, *not* to *forever* bar a debtor from discharging a debt in a subsequent bankruptcy proceeding, even after reaffirmation of the same. If discharge was denied in a prior bankruptcy on one of the grounds enumerated in Section 727 based on dishonesty or lack of cooperation, there is no reason for the debtor to be able to obtain a discharge later which would include these prior debts. "When, however, the reason has nothing to do with any act involving dishonest dealing with the creditors, the purpose of the statute is just to the contrary." *Collier on Bankruptcy*, paragraph 523.19, at page 523–156 (15th Ed. 1979).

The Court finds that Section 523(a)(9) does not deny subsequent discharge to a debtor who has reaffirmed. In *Associates Financial Services Corp. v. Cowen*, 29 B.R. 888 (Bkrtcy.,S.D.Ohio 1983), the Court implied that a properly reaffirmed debt can be subsequently discharged by stating that an improperly reaffirmed debt "... is not cognizable as 'debt' in a subsequent proceeding." *Associates, supra* at 895.

Further, a review of Bankruptcy Rule 4004 which relates to discharge, indicates that it was not Congressional intent for a reaffirmation to be considered a waiver of discharge such as to deny discharge of the indebtedness in a subsequent bankruptcy proceeding. Bankruptcy Rule 4004(c) provides that:

> In a Chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge, the court shall forthwith grant the discharge unless (1) the debtor is not an individual, (2) a complaint objecting to the discharge has been filed, or (3) the debtor has filed a waiver under Section 727(a)(10) of the Code. *Notwithstanding the foregoing, on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within such period, the court may defer entry of the order to a date certain.* (Emphasis added).

The Advisory Committee Notes explain that:

> The last sentence of subdivision (c) takes cognizance of Section 524(c) of the Code which authorizes a debtor to enter into enforceable reaffirmation agreements only prior to entry of the order of discharge. Immediate entry of that order after expiration of the time fixed for filing complaints objecting to discharge may render it more difficult for a debtor to settle pending litigation to determine the dischargeability of a debt and execute a reaffirmation agreement as part of a settlement.

If, in fact, Congress intended to equate a reaffirmation with a waiver of discharge, then the last sentence of Bankruptcy Rule 4004(c) would be totally unnecessary. It is clear that subsection (3) concerning a debtor who filed a waiver under Section 727(a)(10) contemplates something separate and apart from a reaffirmation under Section 524(c), or there would be no necessity to defer entry of an order granting a discharge for 30 days to permit a debtor to enter into a reaffirmation agreement.

For the foregoing reasons, this Court finds that the plaintiff herein has not met its burden of proving that its debt comes within the statutory exception of Section 523(a)(9), and therefore, this debtor has the right to discharge the debt due to the plaintiff-creditor herein, Indiana National Bank. An Order will be entered this date dismissing the plaintiff's complaint objecting to discharge.

The above constitutes Findings of Fact and Conclusions of Law pursuant to the Rules of Bankruptcy Procedure 7052.