In the Matter of Roger T. FONTANA, Debtor.

GEORGETOWN VILLAGE APART-MENTS, Steven S. Bush, Managing Partner, Plaintiff,

v.

Roger T. FONTANA, Defendant.

Bankruptcy No. 87–30134.
Adv. No. 88–3008.

United States Bankruptcy Court, M.D. Georgia, Athens Division.

Nov. 1, 1988.

**560**

William C. Head, Athens, Ga., for defendant.

Jan L. Hughes, Atlanta, Ga., for plaintiff.

Ernest V. Harris, Athens, Ga.

ROBERT F. HERSHNER, Jr., Chief Judge.

## STATEMENT OF THE CASE

Roger T. Fontana, Defendant, filed his Chapter 7 bankruptcy case with the Court on April 2, 1987. This Chapter 7 case was routinely administered, and Defendant was granted a discharge of his debts by order dated August 7, 1987. This bankruptcy case was closed on September 15, 1987. On November 13, 1987, Georgetown Village Apartments, Plaintiff, moved to have Defendant's bankruptcy case reopened, and by order dated January 11, 1988, the Court ordered Defendant's bankruptcy case reopened.

Plaintiff then filed this adversary proceeding alleging a certain debt owed to it by Defendant to be nondischargeable in bankruptcy. The adversary proceeding came on for trial on October 20, 1988. The Court, having considered the evidence presented and the arguments of counsel, now publishes its findings of fact and conclusions of law.

## FINDINGS OF FACT

On October 1, 1986, Defendant and his then wife, Rene Fontana, entered into a lease with Plaintiff for the rental of an apartment for a term of twelve months.

The monthly rental payment on the apartment was $380. Defendant also agreed to pay an additional $45 per month for the term of the lease as his portion of the costs of new carpet. The total monthly payment was thus $425.

Defendant made the October, November, and December payments for 1986. Defendant made the January 1987 rental payment on January 7, 1987 by a check dated January 1, 1986.[1] The check was signed by Rene Fontana.

Defendant and his wife were having domestic problems in January 1987. Rene Fontana moved out of the apartment on January 9, 1987, and Defendant moved out on January 10, 1987. Defendant contacted Plaintiff's resident manager to give her an address in New York where he could be reached. Sometime before leaving, Defendant stopped payment on the January rent check.

Plaintiff contends that the $425 check on which Defendant stopped payment is an obligation that is nondischargeable in bankruptcy. The complaint filed in this adversary proceeding alleges other damages, but at trial the only issue presented to the Court was the nondischargeability of the $425 January rent check under section 523(a)(2). All other alleged damages and theories of recovery were abandoned by Plaintiff at trial.

## CONCLUSIONS OF LAW

The trial was conducted under section 523(a)(2) of the Bankruptcy Code,[2] which provides:

(a) A discharge under section 727, 1141[,] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

---

1. Although the January check was dated 1986, it is obvious to the Court that the check was intended to be dated 1987. The error is of no consequence in this adversary proceeding.

2. 11 U.S.C.A. § 523(a)(2) (West Supp.1988).

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $500 for "luxury goods or services" incurred by an individual debtor on or within forty days before the order for relief under this title, or cash advances aggregating more than $1,000 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within twenty days before the order for relief under this title, are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor; an extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.)

■ Plaintiff contends that by stopping payment on the check, Defendant committed a fraudulent act which renders the obligation nondischargeable. Complaints on dischargeability are strictly construed against creditors because exceptions to dischargeability frustrate the fresh start and rehabilitative purposes of the Bankruptcy Code. *Indiana National Bank v. Lones (In re Lones)*, 50 B.R. 801, 802, 13 Bankr. Ct.Dec. 281, 282, 13 Collier Bankr.Cas.2d 464, 466 (Bankr.W.D.Ky.1985). A creditor seeking to have a debt determined to be nondischargeable under section 523 bears the burden of proving each element by clear and convincing evidence. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577 (11th Cir.1986).

"In order to preclude the discharge of a particular debt because of a debtor's false representation, a creditor must prove that: the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation. The debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality." *In re Hunter* at 1579 (citations and footnote omitted).

■ Section 523(a)(2)(A) lists three grounds upon which a debt may be found nondischargeable. All three require an intent to deceive or to perpetrate a deception. *Bank of Griffin v. Floyd (In re Floyd)*, Ch. 7 Case No. 81–51071, Adv. No. 81–5247 (Bankr.M.D.Ga. July 20, 1982); *Georgia Bank & Trust Co. v. McKinney (In re McKinney)*, 18 B.R. 607, 8 Bankr.Ct.Dec. 1080 (Bankr.M.D.Ga.1982). The fraudulent intent necessary to render a debt nondischargeable must exist at the inception of the debt. *Macon Bank & Trust Co. v. Wood (In re Wood)*, Civ. Action No. 81–151–Mac (M.D.Ga.1982).

■ On the evidence presented, the Court is unable to find that Defendant had the requisite intent to deceive at the time the January rental check was issued. The check was signed by Rene Fontana and not by Defendant. The check is dated January 1 and was delivered to Plaintiff on January 7. The evidence does not reflect when the stop payment order was issued, nor does the evidence reflect whether Defendant intended to stop payment on the check at the time he gave the check to Plaintiff. Merely stopping payment on a check is not sufficient evidence of an intent to deceive, since Georgia law allows a bank customer

to stop payment of a check.[3] Plaintiff has failed to prove by clear and convincing evidence that Defendant possessed the requisite intent to deceive when Defendant gave Plaintiff the January rental check. Thus, the Court cannot find Plaintiff's claim to be nondischargeable under section 523(a)(2)(A).

The Court is further unable to find Plaintiff's claim to be nondischargeable under section 523(a)(2)(B). Under the law of Georgia, a check is a negotiable instrument.[4] A negotiable instrument is an unconditional promise to pay a sum certain. Thus, a check is evidence of a debt, not a statement of one's financial condition. *A.G. Edwards & Sons, Inc. v. Paulk (In re Paulk)*, 25 B.R. 913, 917 (Bankr.M.D.Ga. 1982). The Court is therefore unable to find Plaintiff's claim nondischargeable under section 523(a)(2)(B) because Defendant never issued a written financial statement. *See Doug Howle's Paces Ferry Dodge, Inc. v. Ethridge (In re Ethridge)*, 80 B.R. 581, 588–89 (Bankr.M.D.Ga.1987).

Section 523(a)(2)(C) renders nondischargeable certain consumer debts that aggregate more than $500. In this adversary proceeding, the debt involved is less than $500 and is also not for luxury goods or services, therefore section 523(a)(2)(C) is inapplicable.

Defendant has requested that he be awarded costs and attorney fees under section 523(d). The Court is not of the opinion that Plaintiff's complaint was frivolous or filed without justification, therefore Defendant's request will be denied.

Plaintiff also requests an award of attorney fees. As Plaintiff has not prevailed in this adversary proceeding, Plaintiff's request must be denied.

---

**3.** *See* O.C.G.A. § 11–4–403 (1982).

**4.** O.C.G.A. § 11–3–104 (1982).