In re Ray E. EDWARDS, Sr., Debtor.

Bankruptcy No. 99–10054–JMD.

United States Bankruptcy Court,
D. New Hampshire.

July 22, 1999.

David B. Shepatin, Littleton, NH, for debtor.

Victor W. Dahar, Manchester, NH, Chapter 7 trustee.

## MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

### I. BACKGROUND

On June 18, 1999, Ray E. Edwards, Sr. (the "Debtor") filed a motion with this Court requesting that his previously entered discharge order be vacated for the purpose of allowing him to enter into an enforceable reaffirmation agreement with Peoples Bank of Littleton (the "Bank") concerning the Debtor's residence. The events leading up to the Debtor's motion are straightforward and not in dispute. The Debtor filed a petition for relief under Chapter 7 on January 8, 1999. On the schedules accompanying his petition, the Debtor listed a 1992 Jay Line mobile home as one of his assets, encumbered by a mortgage given to the Bank for the purpose of securing a note. The Debtor claimed the full value of the mobile home as exempt under New Hampshire law. Administration of the Debtor's bankruptcy case proved to be uneventful and, as a result, upon the expiration of the time for filing an objection to discharge and a motion to dismiss, the Court granted the

Debtor a discharge "forthwith" on April 21, 1999. *See* Fed.R.Bankr.P. 4004(c)(1). Shortly thereafter, the Debtor's bankruptcy case was closed.

On June 7, 1999, the Debtor moved to reopen his bankruptcy case for the purpose of entering into a reaffirmation agreement with the Bank concerning his mobile home. Having found that cause existed to reopen the case, this Court granted the Debtor's motion to reopen pursuant to 11 U.S.C. § 350(b).[1] For reasons discussed below, the Debtor subsequently filed the instant motion to vacate his discharge in a further effort to enter into an enforceable reaffirmation agreement with the Bank. A hearing was held on July 14, 1999 concerning the Debtor's motion to vacate, at which the Debtor and his counsel appeared.

At the hearing, the Debtor represented to the Court that both the Debtor and the Bank wished to execute an enforceable reaffirmation agreement and that the Debtor had been making payments on the note, which were being held in escrow pending execution of a binding reaffirmation agreement. It appeared that both the Debtor and the Bank had been diligently negotiating a reaffirmation agreement that was to include a consensual modification of the terms of the loan. Debtor's counsel stated that the terms of the reaffirmation were substantially agreed upon prior to the entry of the discharge order and that the failure to enter into the reaffirmation agreement pre-discharge was largely due to the unavailability of counsel for the Bank due to a scheduled vacation during the period leading up to the date of entry of the discharge order.

The Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire,"

---

1. Unless otherwise noted, all section references hereinafter are to Title 11 of the United States Code.

dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. DISCUSSION

### A. Reaffirmation Agreements and Section 524(c)(1)

This decision establishes a triad of related opinions applicable in this Court concerning reaffirmation agreements and Chapter 7 debtors. In *Bank of Boston v. Burr (In re Burr)*, 160 F.3d 843 (1st Cir. 1998), the Court of Appeals for the First Circuit stated that the options provided by § 521(2) are exclusive, and thus a Chapter 7 debtor wishing to retain estate property must either redeem such property or enter into a reaffirmation agreement within the time period established by § 521(2)(B). In *In re Donnell*, 234 B.R. 567 (Bankr.D.N.H. 1999), this Court explored the remedies available to a creditor when a Chapter 7 debtor does not perform his or her § 521(2) stated intention within the requisite time period, and suggested that relief from the automatic stay is generally the appropriate remedy in such instances. This Court also noted that if a Chapter 7 debtor chooses to retain estate property through reaffirmation, not only must he or she reaffirm the relevant debt within the § 521(2) time constraints in order to avoid establishing cause allowing relief from the stay, but the reaffirmation agreement must be executed before discharge for it to be enforceable. *See Donnell*, 234 B.R. at 569. The latter timing restriction is what necessitated the Debtor's instant motion.

■ Section 524(c)(1) explicitly states that a reaffirmation agreement will be considered enforceable only if it is "made before the granting of the discharge under section 727, 1141, 1228, or 1328...." *See* § 524(c)(1). Most courts, including this one, conclude that § 524(c)(1) means what it says and therefore, to be enforceable, a reaffirmation agreement must be entered into pre-discharge. *See, e.g., In re Whitmer*, 142 B.R. 811, 812 (Bankr.S.D.Ohio

1992) ("[S]ection 524(c)(1) requires that a reaffirmation agreement must be entered into before the granting of a discharge in order to be valid and enforceable."); *In re Brinkman*, 123 B.R. 611, 612 (Bankr. N.D.Ind.1991); *In re Nidiver*, 217 B.R. 581, 584 (Bankr.D.Neb.1998). Because the Debtor has been granted a discharge, any reaffirmation agreement he enters into with the Bank will be unenforceable and therefore, from the Bank's perspective, largely meaningless. Hence, the Debtor desires to have his discharge vacated.

### B. Fed.R.Bankr.P. 9024 and Fed. R.Civ.P. 60

Fed.R.Bankr.P. 9024 incorporates Fed. R.Civ.P. 60, which, *inter alia*, allows a court to vacate an order for "any ... reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). The Supreme Court has interpreted this statutory provision liberally to allow the vacating of an order when "appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15, 336 U.S. 942, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). Courts have employed this provision to vacate discharge orders for the purpose of allowing Chapter 7 debtors to enter into enforceable reaffirmation agreements under certain circumstances. *See In re Long*, 22 B.R. 152, 154 (Bankr.D.Me.1982); *In re Solomon*, 15 B.R. 105, 106 (Bankr. E.D.Pa.1981). However, courts that have discussed the use of Fed.R.Civ.P. 60 to pave the way for enforceable reaffirmation agreements have cautioned that such an approach should be used sparingly. *See, e.g., Long*, 22 B.R. at 154 ("This court, however, does not intend to routinely grant [orders vacating discharge]."); *In re Eccleston*, 70 B.R. 210, 213 (Bankr. N.D.N.Y.1986) (requiring "extraordinary circumstances"). For the reasons discussed below, this Court adopts that view.

### C. When a Discharge May Be Vacated

■ The use of Fed.R.Civ.P. 60(b)(6) to vacate a debtor's discharge is at odds with

the notion that judicial orders and judgments should be afforded a high degree of finality. *See Arizona v. California,* 460 U.S. 605, 644, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) ("Concern for finality remains an important policy...."); *In re Tuan Tan Dinh,* 90 B.R. 743, 745 (Bankr. E.D.Pa.1988) ("We believe that the finality of a discharge order must be accorded special consideration."). Accordingly, motions to vacate discharge orders for the purpose of allowing enforceable reaffirmation agreements will not be granted by this Court absent special circumstances.

■ A Chapter 7 debtor intending to execute a reaffirmation agreement must remain cognizant of two relevant timing restrictions. As noted, the *Burr* decision clearly requires a debtor that wishes to retain property that is collateral for consumer debts to perform his or her stated intentions under § 521(2)(A) within the time period prescribed under § 521(2)(B), while § 524(c)(1) requires a reaffirmation agreement to be entered into pre-discharge. However, if necessary, vigilant debtors may pursue relief from these time restraints. If a debtor anticipates a problem with performing his or her intention within § 521's prescribed time period, the debtor may obtain an extension. Section 521(2)(B) provides:

> [W]ithin forty-five days after the filing of a notice of intent under this section, *or within such additional time as the court, for cause, within such forty-five day period fixes,* the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph....

Section 521(2)(B) (emphasis added). In an effort to temper § 524(c)(1)'s timing restriction, Fed.R.Bankr.P. 4004(c)(2) allows a debtor to file a motion requesting that an order granting his or her discharge be deferred for "up to 30 days ... and, on an additional motion filed within that period, to a date certain after expiration of the 30 days." 9 King et al., *Collier on Bankruptcy* ¶ 4004.04[8] (15th rev. ed.1997). The

Advisory Committee Note accompanying Fed.R.Bankr.P. 4004 states that the purpose of subpart (c)(2) is to afford debtors additional time to negotiate reaffirmation agreements given that they are not enforceable if entered into post-discharge. *See* Fed.R.Bankr.P. 4004 Advisory Committee's Note. Thus, the provisions of § 521 and Fed.R.Bankr.P. 4004 provide a conscientious Chapter 7 debtor with two procedures to obtain additional time to negotiate and execute an enforceable reaffirmation agreement.

■ In *Donnell,* this Court stated that the time period under § 521(2)(B) "should not be one of inactivity, characterized by a 'wait and see' approach by any party." *See Donnell,* 234 B.R. at 571. It is the responsibility of a debtor and his or her counsel to diligently pursue efforts to perform the debtor's stated intention. Those efforts include filing timely motions to insure that the time period for the debtor to enter into a binding reaffirmation agreement, if that is the stated intention, does not expire due to the debtor's lack of diligence. · Discharge orders should not be vacated at the request of debtors who have not been conscientious and diligent in performing their stated intentions under § 521. The existence of relief under § 521(2)(B) and Fed.R.Bankr.P. 4004(c)(2) for a debtor who encounters difficulty in performing his or her intention further strengthens this Court's conclusion that the vacating of discharge orders to allow enforceable reaffirmation agreements should be the exception rather than the rule. The question then becomes what must be shown to trigger the exception.

■ In *Tuan Tan Dinh,* the court addressed the issue of what standard should govern the use of Fed.R.Civ.P. 60(b) in the context of vacating a discharge order. Noting the desire for finality with respect to discharge orders, the *Tuan Tan Dinh* court set forth the following two factors as important in deciding whether to vacate a discharge order: (1) the consideration of relative prejudice to the parties; and (2)

the degree of the debtor's culpability in allowing the order to be entered. *See Tuan Tan Dinh,* 90 B.R. at 746. The court stated that when these two factors "tip very strongly in favor of the moving party," then a discharge order may be vacated. *See id.* This Court agrees with the reasoning of that case and thus adopts this standard as governing when Fed. R.Civ.P. 60(b) may be used to vacate a discharge order for the purpose of allowing an enforceable reaffirmation agreement.

■ As applied to the instant facts, the *Tuan Tan Dinh* standard yields the conclusion that the Court should grant the Debtor's motion to vacate the discharge order. Vacating the Debtor's discharge would result in no prejudice to the Bank, but not doing so would seriously prejudice the Debtor. Both the Debtor and the Bank desire to enter into an enforceable reaffirmation agreement and thus both would prefer that the Debtor's discharge be vacated in order that they may enter into such an agreement. The reaffirmation agreement concerns the Debtor's residence, an asset that is very important to the Debtor's fresh start. *See Long,* 22 B.R. at 154 (finding significant the fact that the reaffirmation agreement pertained to the debtors' residence in deciding that the debtors' discharge should be vacated to allow the agreement to be enforceable). In addition, it does not appear that the Debtor was at fault in allowing the discharge order to be entered before the execution of a reaffirmation agreement. Despite the diligent efforts of the Debtor and his counsel, a problem arose due to the unavailability of the Bank's counsel, a circumstance beyond the Debtor's control. Thus, the two relevant factors tip very strongly in favor of the Debtor and warrant the vacating of his discharge order for the purpose of allowing him to enter into an enforceable reaffirmation agreement.

The Court notes in passing that prior to the *Burr* decision, many creditors in this circuit did not press for reaffirmation agreements. In addition, the automation of certain calendar functions at the bankruptcy court has resulted in the more timely granting of discharge orders. These circumstances further warrant the vacating of discharge orders for the purpose of allowing enforceable reaffirmation agreements when exceptional facts are present. The Court stresses, however, that its conclusion is based upon the compelling facts of the instant case. This Court will not ordinarily vacate discharge orders for the purpose of allowing enforceable reaffirmation agreements. Debtors have § 521(2)(B) and Fed.R.Bankr.P. 4004(c)(2) at their disposal, the use of which should preclude the need for vacating discharge orders to allow enforceable reaffirmation agreements in all but the most exceptional cases.

## III. CONCLUSION

For the reasons stated above, the Court concludes that the Debtor is entitled to have his discharge order vacated for the purpose of entering into an enforceable reaffirmation agreement with the Bank regarding the Debtor's mobile home. A separate order granting the Debtor's motion to vacate has been entered.

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052.