**In re William V. COLLINS, Cynthia M. Collins, Debtors.**

**Bankruptcy No. 99–33532.**

United States Bankruptcy Court, D. Connecticut.

Jan. 13, 2000.

Peter L. Lawrence, Lawrence, Pomerantz & Jones, Torrington, CT, for debtors.

Matthew J. McGowan, Salter, McGowan, Swartz & Sylvia, Inc., Providence, RI, for BankBoston, N.A.

Andrew M. DiPietro, DiPietro & Associates, P.C., New Haven, CT, for BankBoston, N.A.

## MEMORANDUM OF DECISION ON ORDER TO SHOW CAUSE WHY REAFFIRMATION AGREEMENT SHOULD NOT BE STRICKEN FROM THE RECORD

LORRAINE MURPHY WEIL, Bankruptcy Judge.

This matter comes before the court after a hearing on the court's *sua sponte* Order To Show Cause Why Reaffirmation Agreement Should Not Be Stricken from the Record, issued on December 17, 1999 (Doc. I.D. No. 16, the "OSC").

### FACTS

The above-referenced debtors (the "Debtors") commenced this chapter 7 case by joint petition filed on August 12, 1999. Pursuant to Bankruptcy Code § 727, a discharge was granted to the Debtors on November 23, 1999 (the "Discharge").

On November 5, 1999, BankBoston, N.A. ("BankBoston") filed a certain Motion To Compel Debtor To Reaffirm Debt or Redeem or Surrender Secured Collateral, and for Alternative and Additional Relief (Doc. I.D. No. 6, together with supporting memorandum of law, Doc. I.D. No. 7, the "Motion"). The Motion alleged that the Debtors were indebted to BankBoston in the approximate amount of $8,268.14 pursuant to a certain promissory note dated

July 8, 1997 (payable over sixty months), and that such debt (the "Debt") was secured by a security interest in a certain 1994 Oldsmobile Cutlass (the "Collateral") owned by the Debtors.[1] The Chapter 7 Individual Debtor's Statement of Intention filed by the Debtors in this case failed to make any provision for the Collateral. As a result, the Motion requested that this court enter an order "compel[ling] the Debtors to reaffirm their [D]ebt to ... [BankBoston], or to redeem or surrender the ... Collateral, and for alternative and additional relief." (Doc. I.D. No. 6 at 1.) In the alternative, the Motion requested that the court "enter an order directing that the Debtors surrender ... [the Collateral to BankBoston], and granting such other and further appropriate relief as is just." (*Id.* at 1–2.)[2]

The Motion was initially scheduled for a hearing on December 1, 1999. As a result of the court's own review of the file performed in the course of preparing for that initial hearing, it came to the court's attention that the Discharge had already been granted. The initial hearing was continued to December 15, 1999 by agreement of the parties. At the request of BankBoston, the continued hearing was cancelled and, the next day, BankBoston filed a Withdrawal of Motion To Compel Debtors To Reaffirm Debt or Redeem or Surrender Secured Collateral, and For Alternative and Additional Relief (Doc. I.D. No. 14).

On December 16, 1999, BankBoston filed a Reaffirmation Agreement dated December 2, 1999 (the "Reaffirmation Agreement") purportedly pursuant to Bankruptcy Code § 524(c)(3). The Reaffirmation Agreement was executed by the Debtors

---

1. In their Schedule B—Personal Property filed in this case, the Debtors valued the Collateral at $10,000.00. The court expresses no opinion as to the validity of that valuation.

2. The Motion further alleged that the Debtors could not lawfully retain the Collateral without either redeeming the Collateral or reaffirming the Debt because the Debtors were

not current on their Debt payments. (Doc. I.D. No. 7 ¶¶ 4–5.) *Cf. Federal Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43 (2d Cir.1997) (permitting debtor to retain collateral without redemption or reaffirmation agreement if, *inter alia,* related debt payments have been kept current).

and on behalf of BankBoston, and purported to "reaffirm" (pursuant to Bankruptcy Code § 524(c)) the Debtors' obligations to BankBoston with respect to the Debt. The Reaffirmation Agreement also contained a "Declaration of Counsel" executed by the Debtors' counsel of record and (in form) complying with Bankruptcy Code § 524(c)(3).

On December 17, 1999, the court issued the OSC on the grounds that the Reaffirmation Agreement appeared to fail "on its face to comply with 11 U.S.C. § 524(c)(1)" because such agreement appeared to have been made after the Discharge had been granted. (OSC at 1–2.) On December 29, 1999, BankBoston filed BankBoston, N.A.'s Response To Show Cause Order (the "Response"). The Response fairly can be read to allege that, as of the granting of the Discharge, the Debtors refused to enter into a reaffirmation agreement in respect of the Debt or to redeem the Collateral because they believed that they were current on their Debt payments and were entitled under *Boodrow, see* n. 2 *supra,* to retain the Collateral without reaffirming their Debt obligations or redeeming the Collateral. (Response at ¶¶ 4–5.) [3]

3. Apparently, the Debtors no longer contest that their Debt payments were in default as of the commencement of this case.

4. Neither the Debtors nor their counsel appeared at the hearing and no evidence was presented at the hearing.

5. Section 524 provides in relevant part as follows:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
(1) such agreement was made before the granting of the discharge under section 727 ...;
...
(3) such agreement has been filed with the court and ... accompanied by a decla-

A hearing on the OSC was held on January 5, 2000 on notice to the Debtors, Bank-Boston, and their respective counsel. After due consideration of the Response and statements of counsel for BankBoston made at the hearing,[4] the court concludes that the Reaffirmation Agreement should be stricken from the record for failure to comply with Bankruptcy Code § 524(c)(1).

## DISCUSSION

█ A reaffirmation agreement is enforceable only if it is in writing and satisfies certain other statutory criteria. *See* 11 U.S.C. § 524(c), (d).[5] One such statutory criterium which applies to all chapter 7 reaffirmation agreements is that, to be enforceable, "such agreement was made before the granting of the discharge under section 727", 11 U.S.C. § 524(c)(1).

[The] timing requirement [of Section 524(c)(1)] is imposed as a matter of substantive statutory law and not by procedural rule. While the date for discharge may be delayed in appropriate cases [pursuant to Fed.R.Bankr.P. 4004(c)(2)], the statutory requirement cannot be waived or extended after discharge occurs.

ration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection which states that—
(A) such agreement represents a fully informed and voluntary agreement by the debtor;
(B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and
(C) the attorney fully advised the debtor of the legal effects and consequences of—
(i) an agreement of the kind specified in this subsection; and
(ii) any default under such agreement. . . .
(d) ... If ... the debtor desires to make an agreement of the kind specified in subsection (c) of this section and was not represented by an attorney during the course of negotiating such agreement, then the court shall hold a hearing [on such agreement] at which the debtor shall appear in person. . . .
11 U.S.C.A. § 524 (West 1999).

3 William L. Norton, Jr., *Norton Bankruptcy Law and Practice 2d* § 48.8 (1999). *See also* Fed.R.Bankr.P. 4004 advisory committee's note ("The last sentence of subdivision (c) takes cognizance of § 524(c) of the Code which authorizes a debtor to enter into enforceable reaffirmation agreements *only prior to entry of the order of discharge*.") (emphasis added). *But cf. In re Edwards,* 236 B.R. 124 (Bankr.D.N.H. 1999) (vacating of discharge to permit enforceable reaffirmation agreement permissible under certain circumstances). If a reaffirmation agreement was negotiated for the debtor with the assistance of such debtor's counsel and bears the "attorney certification" of such counsel provided for by Bankruptcy Code § 524(c)(3), the court is not required to conduct a hearing with respect to such agreement. 11 U.S.C. §§ 524(c)(3), (d).

█ In this case, the Reaffirmation Agreement bore (in form) the statutory "attorney certification" but was dated after the Discharge had been granted. Even apart from the stated date of the Reaffirmation Agreement, it is clear that the Reaffirmation Agreement was not "made" within the meaning of Bankruptcy Code § 524(c)(1) prior to the grant of the Discharge. That is because, for Section 524(c)(1) purposes, a reaffirmation agreement is "made" no earlier than the time when the requisite writing which embodies it has been fully executed by the debtor, and it is uncontested here that the Debtors did not execute the Reaffirmation Agreement prior to the time the Discharge was granted. *Cf. In re Grabinski,* 150 B.R. 427, 431 (Bankr.N.D.Ill.1993) ("The debtor's letter of January 1990 cannot be construed to be a reaffirmation agreement in bankruptcy, because there was no compliance with 11 U.S.C. § 524. This [letter]

agreement was not obtained before Debtor received her discharge as is required by § 524(c)(1)."). Given the apparent dispute that existed between the Debtors and BankBoston concerning the default status of the Debt payments, one possible course of action might have been for the Debtors to have moved for a thirty-day deferral of the grant of their chapter 7 discharge in order to accommodate their timely entry into a written (and potentially enforceable) reaffirmation agreement in the event that their Debt payments *were* in default. *See* Fed.R.Bankr.P. 4004(c)(2).[6]

█ That the Reaffirmation Agreement was filed with an attorney certification complying (in form) with Bankruptcy Code § 524(c)(3) does not take that agreement ·outside of the timing limitation of Section 524(c)(1). *See* 11 U.S.C. § 524(c) (statutory criteria in conjunctive). Moreover,. although a Section 524(c)(3) "attorney certification" renders a reaffirmation hearing nonmandatory, Section 524(c)(3) does not strip the court of jurisdiction to entertain hearings in respect of Section 524(c)(3) reaffirmation agreements in appropriate circumstances. *In re Melendez,* 235 B.R. 173, 188 (Bankr.D.Mass.1999). Indeed, for this court knowingly to allow a reaffirmation agreement that appears to be plainly unenforceable on its face to remain on file with the court and thus to be cloaked with a false aura of enforceability would constitute an abrogation of the court's duty. *See id.* ("To allow reaffirmation agreements [bearing attorney certifications complying in form with Section 524(c)(3)] ... to be filed and become effective 'when ... scrutiny compels the conclusion that the elements set forth in section 524(c) are ... lacking' [would constitute] 'an abdication of duty for a bankruptcy

6. Rule 4004(c)(2) provides in relevant part:
[O]n motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain.

Fed.R.Bankr.P. 4004(c)(2). *See also* 9 *Collier on Bankruptcy* ¶ 4004.04[8] at 4004–18 (15th ed.1999) ("The purpose of this provision is to permit the debtor additional time to decide whether to reaffirm all or part of a debt....").

judge....'") (citations omitted).[7] Accordingly, the Reaffirmation Agreement must be stricken from the record.[8]

## CONCLUSION

For the reasons set forth above, an order will enter striking the Reaffirmation Agreement from the record and deeming such agreement not to be "filed with the court" within the purview of Bankruptcy Code § 524(c)(3).[9]

**7.** The foregoing does not imply that, by statute, procedural rule or otherwise, the clerk's office is required to reject the filing of, or to otherwise "police", reaffirmation agreements filed with an "attorney certification" in form complying with Bankruptcy Code § 524(c)(3).

**8.** In the Response, BankBoston cites *In re Edwards*, 236 B.R. 124, for the proposition that this court may "momentarily" vacate the Discharge for the purpose of validating the Reaffirmation Agreement. (Response at ¶ 7.) However, that issue properly can be resolved only upon the Debtors' motion for such relief. Accordingly, the court expresses no opinion at this time as to whether the *Edwards* analysis is apposite or, if such analysis is apposite, whether the *Edwards* two-part test can been met here. *See In re Edwards*, 236 B.R. at 127–28 (two-part test for vacating of discharge for reaffirmation purposes). The order striking the Reaffirmation Agreement issued in connection with this memorandum of decision is without prejudice to the Debtors' right to file and prosecute such a motion if they deem such to be appropriate.

**9.** This memorandum constitutes the findings of fact and conclusions of law mandated by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.