In re Melissa GIGLIO, a/k/a Melissa Candella, Debtor.

No. 08–42141.

United States Bankruptcy Court, N.D. Ohio.

March 24, 2009.

---

John H. Chaney, III, Daniel Daniluk LLC, Warren, OH, Philip D. Zuzolo, Zuzolo, Zuzolo, Zuzolo and Zuzolo, Niles, OH, for Debtor.

Andrew W. Suhar, Suhar & Macejko, LLC, Melissa M. Macejko, Youngstown, OH, for Trustee.

## MEMORANDUM OPINION REGARDING MOTION TO RECONSIDER ORDER DISAPPROVING REAFFIRMATION AGREEMENT

KAY WOODS, Bankruptcy Judge.

This cause is before the Court on Motion to Reconsider Order Disapproving Reaffirmation Agreement ("Motion to Reconsider") (Doc. # 40) filed by Ford Motor Credit Company LLC ("Ford") on February 27, 2009. Debtor Melissa Giglio *aka* Melissa Candella ("Debtor") filed a voluntary petition pursuant to chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") on July 23, 2008. The first meeting of creditors pursuant to 11 U.S.C. § 341 was scheduled for and held on September 16, 2008. Debtor was granted a discharge on November 25, 2008 ("Discharge Date") (Doc. # 31).

A Reaffirmation Agreement (Doc. # 37) by and between Debtor and Ford regarding a 2007 Ford Focus ("Debtor's Car") was filed on February 13, 2009. Debtor signed the Reaffirmation Agreement on September 25, 2008. Ford signed the Reaffirmation Agreement on February 13,

2009. The Court entered Order Disapproving Reaffirmation Agreement ("Disapproval Order") (Doc. #39) on February 19, 2009.

On March 19, 2009, the Court held a hearing ("Hearing") on the Motion to Reconsider. Counsel for Ford and counsel for Debtor appeared at the hearing. Debtor's counsel made the following representations to the Court: (i) Ford repossessed Debtor's Car on December 31, 2008, even though Debtor was current with her payments to Ford at that time; (ii) Debtor made monthly payments to Ford pursuant to the original loan in January and February 2009 with the hope that Ford would return Debtor's Car to her; and (iii) as a result of the delay, Debtor is no longer interested in the return of Debtor's Car or the Reaffirmation Agreement.

At the Hearing, Ford's counsel represented to the Court that: (i) Ford repossessed Debtor's Car because Debtor had not entered into a Reaffirmation Agreement with Ford, and (ii) Ford has retained the payments made by Debtor in January and February 2009.

Ford has taken diametrically different positions at various times with regard to the Reaffirmation Agreement and Debtor's Car. First, Ford represents that it repossessed Debtor's Car because there was no enforceable Reaffirmation Agreement. In an about-face, Ford filed the Motion to Reconsider arguing that the Reaffirmation Agreement had in fact been "made" when the Debtor signed the Reaffirmation Agreement.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general order of reference (General Order No. 84) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O).

## I. MOTIONS TO RECONSIDER

■■■ The Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure do not contemplate the filing of a motion for reconsideration (with the exception of reconsideration of claims pursuant to FED. R. BANKR.P. 3008). Rules 59 and 60 of the Federal Rules of Civil Procedure [1] do not exist to provide a party with a "second bite at the apple" or a "do-over." A motion for reconsideration is an extraordinary measure and should be brought to correct a manifest error of law or fact on the part of the Court.[2] A motion for reconsideration is not a substitute for filing a notice of appeal.

To the extent a motion for reconsideration is filed within ten days after entry of the underlying order or judgment, it may be deemed to be a motion to amend a judgment under Rule 59. If such motion is filed after that ten-day period, it must be brought pursuant to Rule 60, seeking relief from judgment or order.[3]

---

1. Rules 59 and 60 are applicable to bankruptcy cases by Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively.

2. There is no basis for filing a motion to "reconsider" that does not come within the purview of Rules 59 or 60. Pursuant to Rule 11 (incorporated by FED. R. BANKR.P. 9011), a pleading constitutes a representation to the Court that a valid basis exists for the motion. As a consequence, if a motion for reconsideration is filed without basis, the Court has the authority under Rule 9011(c)(1)(B) to enter an order directing an attorney to show cause why he or she should not be sanctioned for a violation of Rule 9011(b).

3. Rule 60(b) provides a court with six grounds to relieve a party from the consequences of an order.

On motion and just terms, the court may relieve a party or its legal representative

■ Ford captions its motion as one for reconsideration without citing to either Rule 59 or Rule 60. Since Ford filed the Motion to Reconsider within ten days after entry of the Disapproval Order, the Court assumes that Ford is relying on Rule 59(e), which is captioned "Motion to Alter or Amend a Judgment." Rule 59 does not contain express grounds for amending a judgment, but the law in the Sixth Circuit is that "a Rule 59(e) motion to alter or amend judgment [should be granted] only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir.2006). Ford fails to argue that: (i) the Disapproval Order is based on clear error of law, (ii) Ford has newly discovered evidence, or (iii) there has been an intervening change in controlling law.

Liberally construing the Motion to Reconsider, the Court finds that it is based on Rule 59(e)'s requirement that reconsideration is needed to prevent a manifest injustice. Ford argues that the Court should "reconsider" the Disapproval Order because the Reaffirmation Agreement was "'made' prior to the debtors' [sic] receiving a discharge on November 25, 2008 when the debtor executed it on September 25, 2008." (Mot. to Recons. at 2.) The Court has analyzed this argument, below, and finds it to be without merit.

## II. WHEN IS A REAFFIRMATION AGREEMENT "MADE?"

■ The Court disapproved the Reaffirmation Agreement because it was not "made" prior to the Discharge Date. Section 524(c) details the requirements for a reaffirmation agreement to be valid and enforceable.

An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, . . . only if—

(1) such agreement was made before the granting of the discharge under section 727 . . . of this title[.]

11 U.S.C. § 524(c) (West 2008). Although § 524 requires that a reaffirmation agreement be made before a discharge is granted to a chapter 7 debtor, the Bankruptcy Code does not define "made."

■ Ford mentions[4] only two cases in its Motion to Reconsider. Ford refers to *In re Collins*, 243 B.R. 217 (Bankr.D.Conn. 2000), for the proposition that "a reaffirmation agreement is 'made' no earlier than

---

from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED.R.CIV.P. 60(b) (West 2008). Ford fails to allege any of the reasons set forth in (1) through (5) of Rule 60(b). To the extent Ford intended to base its Motion to Reconsider on Rule 60(b)(6), this basis is very similar to Rule 59(e)'s requirement of preventing manifest injustice.

4. The Court correctly refrains from stating the Ford cites to these cases because the citation is totally lacking in one instance and is deficient in the other.

the time when the requisite writing which embodies it has been fully executed by the **debtor** ... [sic]" (Mot. to Recons. at 2 (emphasis by Ford).) The *Collins* court found that the reaffirmation agreement in question could not be approved because it had been executed by the debtors after entry of debtors' discharge. Despite Ford's emphasis in the quote, *Collins* did not hold that a reaffirmation agreement is made when it is executed by a debtor; rather, the court merely held that a reaffirmation agreement cannot be made prior to debtor's execution of the requisite writing. In other words, the *earliest date* that a reaffirmation agreement may be considered to be made is the date it is signed by a debtor. Neither the *Collins* holding nor § 524 provides that a reaffirmation agreement can be made by the debtor's signature alone. To the extent Ford relies on the *Collins* case to argue that the Reaffirmation Agreement was made when Debtor signed it on September 25, 2008, the case provides no support for such argument. The Reaffirmation Agreement in the instant case could not have been made any earlier than the date Debtor signed the agreement, but there is no basis for the Court to find that the Reaffirmation Agreement was, indeed, made on that date.

Ford also mentions *In re LeBeau*. Although Ford fails to provide a citation for this case, the Court believes that the case to which Ford refers is *In re LeBeau*, 247 B.R. 537 (Bankr.M.D.Fla.2000). Ford states that the *LeBeau* court "concluded that agreements are executed when they are 'made' and looked to basic contract principles determining that there must be a 'meeting of the minds' to form a binding contract." (Mot. to Recons. at 2.) This Court finds no fault with the reasoning by the *LeBeau* court, but further finds that *LeBeau* is distinguishable from the instant case.

In *LeBeau*, the debtor filed a voluntary chapter 7 case on October 20, 1999, followed by a discharge on January 27, 2000. Three weeks later, on February 18, 2000, debtor's attorney filed a reaffirmation agreement. The reaffirmation agreement in *LeBeau* was signed by the creditor in November 1999, but was not signed by the debtor until February 3, 2000. The court noted, "[T]he date of execution can be, and is most often indicative of the date the affirmation [sic] agreement is 'made'." *In re LeBeau* at 539–40. However, the court further stated that "under the appropriate circumstances, determination of when a reaffirmation agreement is 'made' may turn on extrinsic evidence and general contract principles." *Id.* at 540. After noting that there can be no enforceable contract without the parties coming to a meeting of the minds, the court held that a court may look to extrinsic evidence to determine when the meeting of the minds to form a binding contract occurred. *Id.* The debtors' Statement of Intention, filed with the chapter 7 petition, indicated debtors would reaffirm the debt in question. Coupled with the creditor's pre-discharge signature on the reaffirmation agreement, the court found that "both parties had reached an agreement early in the case well prior to the granting of the discharge." *Id. LeBeau* thus held that both debtors and creditor manifested a meeting of the minds prior to discharge that the debt would be reaffirmed.

The instant case is distinguishable from *LeBeau* in one very material respect. *LeBeau* found that *each* of the parties had assented to reaffirmation prior to the entry of discharge. Here, all indications of assent to reaffirmation prior to the grant of discharge occurred solely on the part of Debtor. Debtor's Statement of Intention indicated that she would reaffirm the debt on Debtor's Car and Debtor signed the

Reaffirmation Agreement well before the Discharge Date. In contrast, however, there is no indication of a meeting of the minds by the parties prior to Debtor's discharge because Ford failed to execute the Reaffirmation Agreement until nearly three months after the Discharge Date. In the present case, the Court finds that there was no meeting of the minds until both parties indicated assent to reaffirmation of the debt for Debtor's Car. That meeting of the minds did not occur until the Reaffirmation Agreement was signed by Ford (the second party to sign) on February 3, 2009. As a consequence, the Court finds that the Reaffirmation Agreement was made nearly three months after the Discharge Date. Being untimely, the Reaffirmation Agreement is not valid and enforceable and must be disapproved.

This Court finds a more applicable analysis in *In re Golladay*, 391 B.R. 417 (Bankr.C.D.Ill.2008), wherein the court held:

> Thus, it is not the filing of the agreement prior to the discharge date which is a necessary prerequisite for its validity; rather, it is the entering into the agreement, *i.e. the full and complete execution of an agreement which satisfies the terms of the Bankruptcy Code and, particularly § 524(c), by all parties thereto which controls.*

*Id.* at 422 (emphasis added). *See also In re Picciano*, 2008 Bankr.LEXIS 1440 at *2 (Bankr.E.D.Va.2008) ("Without the signature of both parties, no contract exists, and, therefore, no agreement was made before the debtor's discharge as required by § 524(c)(1).") Based on this analysis— and basic principles of contract law-the Reaffirmation Agreement here did not become a binding contract until it was signed by Ford subsequent to the Discharge Date.

■ Moreover, the timing requirement in § 524(c)(1) cannot be waived because it exists for the benefit and protection of the debtor. Here, it is the creditor rather than Debtor who seeks to have this Court disregard the protection in § 524(c)(1). The Court finds Ford's arguments to this extent unpersuasive. *Golladay* noted that "[ the] timing requirement [of Section 524(c)(1) ] is imposed as a matter of substantive statutory law and not by procedural rule. While the date for discharge may be delayed in appropriate cases ..., the statutory requirement cannot be waived or extended after discharge occurs." *In re Golladay*, 391 B.R. at 422 *(quoting In re Collins*, 243 B.R. at 219).

■ Congress did not contemplate the involvement of a bankruptcy court in reaffirmation agreements if the requirements of 11 U.S.C. § 524(c) were not met. *In re Reed*, 177 B.R. 258, 259 (Bankr.N.D.Ohio 1995). "Once the order of discharge is entered, the § 524(c) deadline is passed, and the court cannot enter the agreement." *In re Cottrill*, 2007 Bankr.LEXIS 2009 at *14 (Bankr.N.D.W.Va.2007).

> The timing requirement of § 524(c)(1) is mandatory because it is designed 'to protect the debtor from his or her own bad judgment.' *Mickens v. Waynesboro Dupont Emples. Credit Union, Inc. (In re Mickens)*, 229 B.R. 114, 118 (Bankr. W.D.Va.1999). *See also Arnhold v. Kyrus*, 851 F.2d 738, 740–42 (4th Cir.1988) (§ 524(c) exists to protect debtor from his own actions); *In re Kamps*, 217 B.R. 836, 846 (Bankr.C.D.Cal.1998) (holding that the requirements of § 524(c) were not subject to waiver by a debtor because 'they exist to protect a debtor from the debtor's own bad judgment, and the debtor cannot waive them'); *In re Catron*, 186 B.R. 194, 196 (Bankr. E.D.Va.1995) (holding that any waiver of the discharge of a particular debt must

strictly follow the procedures prescribed in the Bankruptcy Code and the Bankruptcy Rules, especially § 524(c)); *In re Whitmer*, 142 B.R. 811, 812–13 (Bankr. S.D.Ohio 1992) (§ 524(c)(1) requires the reaffirmation agreement be entered into prior to the granting of the discharge as an additional protection for the debtor).

*Id.* at *5–6.

Although not determinative, this Court further notes that the Reaffirmation Agreement was filed long after expiration of the sixty (60) day period for filing reaffirmation agreements, set forth in Federal Rule of Bankruptcy Procedure 4008. "A reaffirmation agreement shall be filed no later that 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." FED. R. BANKR.P. 4008 (West 2008). Ford filed the Reaffirmation Agreement 150 days after the first date set for the § 341 meeting. The amendment to Rule 4008 became effective December 1, 2008, which was 74 days prior to Ford filing the Reaffirmation Agreement.

### III. CONCLUSION

This Court finds that Ford's Motion to Reconsider is not well taken. Ford has presented no reason to justify the relief it seeks—a finding by the Court that the Reaffirmation Agreement was made prior to the Discharge Date and, thus, should be approved. The Court has considered the limited authority presented by Ford and finds those cases to be distinguishable. The Reaffirmation Agreement in the instant case was made on February 13, 2009, the date that the second party to the agreement signed it. Having been made after the grant of Debtor's discharge, the Reaffirmation Agreement is untimely and unenforceable.

An appropriate order will follow.

**IT IS SO ORDERED.**

### ORDER DENYING MOTION TO RECONSIDER ORDER DISAPPROVING REAFFIRMATION AGREEMENT

On February 27, 2009, Ford Motor Credit Company LLC ("Ford") filed Motion to Reconsider Order Disapproving Reaffirmation Agreement ("Motion to Reconsider") (Doc. # 40). The Court held a hearing on the Motion to Reconsider on March 19, 2009.

For the reasons set forth on the record at the hearing and in the Court's Memorandum Opinion entered this date, the Court hereby denies Ford's Motion to Reconsider.