**In re Diane R. GIBSON, Debtor.**

**No. 00–50503–JWV.**

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

Jan. 4, 2001.

Gerald L. Liles, St. Joseph, MO, for Debtor.

### OPINION AND ORDER DENYING DEBTOR'S MOTION TO REOPEN BANKRUPTCY

JERRY W. VENTERS, Bankruptcy Judge.

This matter is before the Court on the "Motion by Debtor to Reopen Bankruptcy" filed herein by the Debtor, Diane R. Gibson ("Debtor"), on December 21, 2000. For the following reasons, the Motion is not well taken and must be denied.

### FACTS

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on June 29, 2000. In her bankruptcy schedules, the Debtor scheduled a debt in the amount of $32,261.71 owed to Countrywide Home Loans, Inc. ("Countrywide"), which debt was purportedly secured by a mortgage on the Debtor's residence.[1] On August 14, 2000, the Chapter 7 Trustee filed his final report indicating that there were no assets to be administered in the case, and on October 6, 2000, an Order was entered granting the Debtor a discharge pursuant to 11 U.S.C. § 727.

Then, more than two months after the discharge had been entered, the Debtor filed the instant Motion, asking leave to reopen her bankruptcy proceeding for the purpose of having the Court approve a reaffirmation agreement that the Debtor had entered into with Countrywide. The Debtor attached to the Motion what clearly appears to be the original of a reaffirmation agreement executed on November 20, 2000. (The attorney's declaration on the reaffirmation agreement is undated.)

From the face of the reaffirmation agreement, it is clear that the agreement was not entered into by the parties until after the Debtor had been granted a discharge in these Chapter 7 proceedings, i.e., the discharge was entered on October 6, 2000, and the reaffirmation agreement is dated November 20, 2000, some 45 days after the discharge was entered.

### DISCUSSION

In Chapter 7 bankruptcy cases, to be enforceable and effective, a reaffirmation agreement must be made *before* the granting of a discharge under § 727, as provided in 11 U.S.C. § 524(c).[2] Once a bankruptcy court has entered an order of discharge, the § 524(c)(1) deadline for making such an agreement is past, and the Court thereafter lacks jurisdiction to approve a reaffirmation agreement made after the discharge was entered. *In re Reed,* 177 B.R. 258, 259–60 (Bankr.

---

1. The Debtor listed two debts secured by her residence. She listed a debt in the amount of $68,000.00 to Atlantic Mortgage & Investment Corporation and the $32,261.71 debt to Countrywide. The Debtor did not specify which debt had priority. In any event, Schedule A indicated the residence had a value of $63,000.00 and secured claims totaling $99,000.00 against it.

2. Section 524(c) provides in relevant part as follows:

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law,

N.D.Ohio 1995), citing *In re Gruber*, 22 B.R. 768, 770–71 (Bankr.N.D.Ohio 1982). "[R]eaffirmation agreements must be entered into *prior to* discharge to have legal significance. Those entered into after entry of a discharge are unenforceable, and are of no legal significance." *In re Eccleston*, 70 B.R. 210, 212 (Bankr.N.D.N.Y. 1986) (emphasis in original). *See also, In re Whitmer*, 142 B.R. 811, 814 (Bankr. S.D.Ohio 1992) (finding that court lacked jurisdiction to enter order approving post-discharge reaffirmation agreement); *In re Brinkman*, 123 B.R. 611, 612 (Bankr. N.D.Ind.1991) (finding that debtors could not enter into post-discharge reaffirmation agreements); *In re Burgett*, 95 B.R. 524 (Bankr.S.D.Ohio 1988) (denying creditor's motion to reopen case and to rescind and reissue debtor's discharge for purposes of validating reaffirmation agreement); and *In re Collins*, 243 B.R. 217, 219–20 (Bankr. D.Conn.2000) (holding that reaffirmation agreement that was not made before the granting of a discharge is not enforceable).

In this case, as previously noted, the reaffirmation agreement between the Debtor and Countrywide was not made until November 20, 2000, some 45 days after the Court had entered its Order of Discharge on October 6, 2000. Thus, the Court is without jurisdiction to approve the reaffirmation agreement, because it has not been entered into in compliance with the requirements of § 524(c).

Additionally, even if the Court could reopen this case for purposes of approving the reaffirmation agreement between the Debtor and Countrywide, it is doubtful that the Court would approve the agreement. As pointed out in footnote 1, the Debtor listed two debts totaling $99,000.00 that were secured by mortgages on her residence. Although the bankruptcy schedules do not indicate the priorities between the mortgage debts, the Court suspects that the $68,000.00 owed to Atlantic

whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

Mortgage & Investment Corporation is first in priority, given the amount of that debt, and that the debt to Countrywide is second in priority. The Court's file does not reflect that Atlantic Mortgage & Investment Corporation and the Debtor have reaffirmed the mortgage debt to Atlantic Mortgage. Whether or not that debt has been reaffirmed, the lien would still attach to the property, and it is clearly not in the Debtor's best interests to attempt to repay almost $99,000.00 in debt secured by a property with a value of only $63,000.00. However, in any case, the Court is without jurisdiction to approve the reaffirmation agreement entered into by the Debtor and Countrywide on November 20, 2000.

Therefore, it is

**ORDERED** that the Debtor's "Motion to Reopen Bankruptcy" be and is hereby DENIED.

SO ORDERED.