**In re Chad WHISENANT, Debtor.**

**No. 99–43741M.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

July 5, 2001.

Robert Danecki, Little Rock, AR, for debtor.

Michael Knollmeyer, Jacksonville, AR, for Adonna Whisenant.

## *ORDER*

JAMES G. MIXON, Chief Judge.

On August 17, 1999, Chad Whisenant ("Debtor"), filed a voluntary petition for relief under the provisions of chapter 7. Adonna Whisenant, the Debtor's former wife, was listed as a creditor. On October 12, 1999, the Trustee filed a no-asset report; on November 19, 1999, the discharge was entered; and on November 23, 1999, the case was closed.

On November 9, 2000, the case was reopened on motion of the Debtor, and on November 17, 2000, the Debtor filed a motion to hold Adonna Whisenant (now Skinner) in contempt of Court for attempting to collect a discharged debt in violation of the discharge injunction contained in 11 U.S.C. § 524(a)(2).

A hearing was conducted in Little Rock, Arkansas, on February 23, 2001, and the parties agreed to submit the matter upon written stipulations and briefs.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(0) (1994), and the Court may enter a final judgment in the case.

The relevant facts have been stipulated:

1. The Debtor filed a chapter 7 bankruptcy case on August 17, 1999.

2. Adonna Whisenant and her attorney attended the meeting of creditors and the Debtor that they would object to his discharge.

3. As consideration for Adonna Whisenant's not objecting to the Debtor's dis-

charge, the Debtor agreed to reaffirm the debt owed to Adonna Whisenant.

4. The reaffirmation agreement was drafted by the Debtor's bankruptcy counsel, signed by the Debtor and his counsel, and forwarded to Adonna Whisenant's attorney on October 28, 1999.

5. The Debtor's attorney signed the attorney's declaration on the reaffirmation agreement, and no hearing on the reaffirmation agreement was necessary.

6. The Debtor made two or three payments pursuant to the reaffirmation agreement after the discharge was granted.

7. After the discharge, the Debtor eventually defaulted on the payments, whether through willful act or because the other party did not cash his postdated checks, and Adonna Whisenant filed a motion to have him held in contempt of a chancery court order related to the reaffirmed debt.

8. Neither Adonna Whisenant nor her attorney had any suspicion or belief that the reaffirmation agreement might be invalid when they filed the chancery court motion for contempt and had it set for hearing.

9. No motion to extend time to file a dischargeability complaint was requested or granted.

Also attached to the stipulations is a copy of a reaffirmation agreement signed by both parties, dated October 28, 1999, and bearing a file stamp by the Clerk of this Court of November 19, 1999. However, this reaffirmation agreement, for reasons unexplained in the record, was not entered on the docket and does not appear in the case file.

## DISCUSSION

The stipulated facts raise two issues: Is the reaffirmation agreement valid and, regardless of the agreement's validity, is Adonna Whisenant in contempt of court for attempting to collect the debt addressed by the reaffirmation agreement.

Reaffirmation agreements are governed by 11 U.S.C. § 524(c). The section provides as follows:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to an extent enforceable under applicable non-bankruptcy law, whether or not a discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1128, or 1328 of this title;

. . .

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration of an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that

(A) such agreement represents a fully informed and voluntary agreement by the debtor;

(B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and

(C) the attorney fully advised the debtor of the legal effect and consequences of—

(i) an agreement of the kind specified in this subsection; and

(ii) any default under such an agreement.

11 U.S.C. § 524(c) (1994).

In this case, the stipulated facts are that the agreement was entered into prior to the date the discharge was granted, but for reasons not shown by the record, the Clerk of the Court failed to enter

this agreement into the docket. Filing the reaffirmation agreement with the Court is a prerequisite to the existence of a valid reaffirmation agreement. *See In re Latanowich*, 207 B.R. 326, 336 (Bankr.D.Mass. 1997); 4 Collier on Bankruptcy ¶ 524.04[1] (Lawrence P. King et al. eds., 15th ed. rev.2000). Section 524 states that reaffirmation agreements must be entered into before the discharge is granted. *In re Brinkman*, 123 B.R. 611, 612 (Bankr. N.D.Ind.1991) (quoting *In re Eccleston*, 70 B.R. 210, 212 (Bankr.N.D.N.Y.1986)). But Section 524 does not provide that the filing of the reaffirmation agreement must occur before the discharge is granted, and research does not disclose any reported decision that holds otherwise.

The Clerk of this Court has no authority to decline to accept a reaffirmation agreement for filing after the date the discharge is entered. That decision is a judicial decision which may only be made by the Judge of the Bankruptcy Court.

Therefore, since the agreement obviously was tendered to the Clerk for filing on November 19, 1999, the Clerk is instructed to receive a copy of the agreement and enter it on the docket on November 19, 1999, nunc pro tunc. Once this is accomplished, the reaffirmation agreement is a valid agreement.

### CONTEMPT

Obviously, Adonna Whisenant is not in contempt of Court because of the Court's determination that the reaffirmation agreement is valid nunc pro tunc.

Therefore, for these reasons, the motion to hold Adonna Whisenant in contempt is denied.

IT IS SO ORDERED.