**In re Kenneth and Tammy DAVIS, Debtors.**

**No. 01–13376.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Nov. 20, 2001.

John W. Rose, Cincinnati, OH, for Debtors.

James C. Cissell, Cincinnati, OH, trustee.

## ORDER GRANTING MOTION TO REOPEN CASE TO FILE REAFFIRMATION AGREEMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the motion to reopen case filed by Conseco Finance Corporation (Doc. 18). Conseco requests that this Court reopen the case for the limited purpose of permitting Conseco to file a reaffirmation agreement between it and the Debtors.

The Debtors' statement of intention reflects that they intended to reaffirm their debt with Conseco. Conseco prepared a reaffirmation agreement and sent it to the Debtors. The Debtors signed the reaffirmation agreement on August 27, 2001. The Debtors' counsel signed the reaffirmation agreement on August 28, 2001. The reaffirmation agreement was then forwarded to Conseco. The signature of Conseco's representative on the reaffirmation agreement is not dated. The reaffirmation agreement was received by the Court for filing on August 30, 2001. The Debtors' discharge was entered on August 29, 2001.

Because the Debtors' discharge was entered on August 29, 2001, the reaffirmation agreement was returned to Conseco by the clerk's office.

Among other things, 11 U.S.C. § 524(c) requires that a reaffirmation agreement be "made before the granting of the discharge," *see* § 524(c)(1), and be "filed with the court." *See* § 524(c)(3).

 It is the general practice of this Court to deny motions to reopen cases filed for the purpose of filing reaffirmation agreements after the discharge order has been entered. *See In re Whitmer,* 142 B.R. 811 (Bankr.S.D.Ohio 1992). However, where it can be shown that the reaffirmation agreement was "made," i.e., signed, *before* the granting of the discharge, then the reaffirmation agreement may be "filed" *after* the granting of the discharge. *See In re Rigal,* 254 B.R. 145 n. 3 (Bankr.S.D.Tex.2000)("Under the statutory scheme, it would appear that the agreement may be *filed* after discharge if all other requirements are completed prior to discharge.")(emphasis in original); *In re LeBeau,* 247 B.R. 537 (Bankr.M.D.Fla.2000)(although not signed prior to discharge, meeting of minds and performance as to reaffirmation made prior to discharge); *In re Collins,* 243 B.R. 217 (Bankr.D.Conn.2000)(reaffirmation agreement made when executed).

A careful reading of § 524 shows that only subsection (1), which addresses the "making" of the reaffirmation agreement, contains a temporal requirement. Subsection (3), which addresses the "filing" requirement, contains no such temporal requirement.

In the present case, the Debtor husband and the Debtors' attorney signed the reaffirmation agreement prior to the entry of the discharge order. Conseco prepared the reaffirmation agreement, signed the reaffirmation agreement and promptly forwarded the reaffirmation agreement to the Court for filing, all indicating its intent to reaffirm. Therefore, we conclude that the reaffirmation agreement was "made" before the entry of the discharge order for purposes of § 524(c)(1).

Accordingly, the motion to reopen is hereby GRANTED for the limited purpose of allowing Conseco to file the reaffirmation agreement.

IT IS SO ORDERED.