In re Robert Earl WILLIAMS d/b/a
Williams Bilt Homes f/d/b/a
Williams Builders, Debtor.

In re Charlie Williams d/b/a Williams
Bilt Homes f/d/b/a Williams
Builders, Debtor.

Nos. 99–34580, 99–34582.

United States Bankruptcy Court,
E.D. Tennessee.

March 12, 2003.

Richard M. Mayer, Esq., Knoxville, TN, for Debtors.

Bailey, Roberts & Bailey, P.L.L.C., N. David Roberts, Jr., Esq., Knoxville, TN, Chapter 7 Trustee.

Richard F. Clippard, Esq., United States Trustee, Patricia C. Foster, Esq., Knoxville, TN, for United States Trustee.

### MEMORANDUM ON MOTIONS TO REOPEN CASES

RICHARD S. STAIR, Jr., Bankruptcy Judge.

This matter is before the court upon the Motion to Re–Open Case filed by the Debtors on February 24, 2003, in each of the above bankruptcy cases. Each motion seeks an order reopening the bankruptcy case to add Susan C. Hunt, a creditor not originally listed on the schedules filed by the Debtors. Because debtors attorneys frequently file motions seeking to reopen closed no-asset cases for the purpose of adding creditors omitted from the original schedules, the court has decided, sua sponte, through this Memorandum to provide guidance on this practice.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993).

### I

On November 9, 1999, Robert Earl Williams, d/b/a Williams Bilt Homes, f/d/b/a Williams Builders, filed a Voluntary Petition initiating Bankruptcy Case No.

99–34580 under Chapter 7 of the Bankruptcy Code. N. David Roberts, Jr., was duly appointed trustee, and pursuant to his duties as trustee, he filed a Trustee's Report of No Distribution and Abandonment of Property on December 14, 1999. The Debtor was granted his discharge on February 29, 2000. On April 12, 2000, the court entered a Final Decree discharging the trustee from his duties and closing the Debtor's bankruptcy case.

On November 9, 1999, Charlie Williams, d/b/a Williams Bilt Homes, f/d/b/a Williams Builders, filed a Voluntary Petition initiating Bankruptcy Case No. 99–34582 under Chapter 7 of the Bankruptcy Code. Mr. Roberts was again duly appointed trustee and on December 14, 1999, he filed a Trustee's Report of No Distribution and Abandonment of Property in this related bankruptcy case. The Debtor was granted his discharge on March 3, 2000, and a Final Decree was entered on April 12, 2000, again discharging Mr. Roberts of his duties as Chapter 7 trustee and closing the Debtor's bankruptcy case.

On February 24, 2003, the Debtors each filed a Motion to Re–Open Case seeking to add an "inadvertently omitted" creditor, Susan C. Hunt. Attached to each motion is a copy of a Motion for Default filed February 7, 2003, in a case styled *Susan C. Hunt v. Williamsbilt Homes, a Partnership, and Charlie R. Williams, and Robert E. Williams, Individually,* Case No. 1–312–02, pending in the Circuit Court for Knox County, Tennessee (the Knox County Circuit Court Lawsuit).[1] The Debtors allege in their motions that Ms. Hunt has been advised to stop the Knox County Circuit Court Lawsuit, pursuant to the Debtors' bankruptcy discharges, but that the litigation has continued.

## II

Discharge of a debtor accomplishes the key goal of the Bankruptcy Code by enabling "honest but unfortunate" debtors to obtain relief from their debts in order to commence "a fresh start." *In re Krohn,* 886 F.2d 123, 125 (6th Cir.1989) (citing *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)); *see also Meyers v. Internal Revenue Serv. (In re Meyers),* 196 F.3d 622, 624 (6th Cir.1999). In Chapter 7 cases, in exchange for a liquidation of assets for the benefits of creditors, debtors' debts, or a portion thereof, are discharged. *Krohn,* 886 F.2d at 125. Debts are not extinguished by a Chapter 7 discharge, but a discharged debtor is no longer personally liable for the debts. *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 53 (5th Cir.1993).

Generally, 11 U.S.C.A. § 727 (West 1993) grants a Chapter 7 debtor an all-inclusive discharge of any prepetition debts. Specifically, as it relates to obtaining a discharge under Chapter 7, the Bankruptcy Code provides, in material part, as follows:

(a) The court shall grant the debtor a discharge, unless—

(1) the debtor is not an individual;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

---

**1.** The Debtors do not recite in their motions when the claim giving rise to the Circuit Court action arose. Presumably, the claim arose prior to the commencement of the Debtors' bankruptcy cases on November 9, 1999.

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case under this title or under the Bankruptcy Act, concerning an insider;

(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition;

(9) the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—

(A) 100 percent of the allowed unsecured claims in such case; or

(B)(i) 70 percent of such claims; and

(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort; or

(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all debts* that arose before the date of the order for relief under this

chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.[2]

(c)(1) The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section.

(2) On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.

11 U.S.C.A. § 727 (emphasis added).[3]

As provided for by § 727(c)(1) and (2), a Chapter 7 trustee, the United States Trustee, or any creditor may file an adversary proceeding objecting to a Chapter 7 debtor's general discharge for one of the grounds of § 727(a)(1) through (10). The party objecting to discharge must file a complaint initiating the adversary proceeding "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." FED. R. BANKR. P. 4004(a); *see also* FED. R. BANKR. P. 4004(d) ("A proceeding commenced by a complaint objecting to discharge is governed by Part VII of these rules."); FED. R. BANKR. P. 7001(4) ("An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings: ... (4) a proceeding to object to or revoke a discharge[.]").

Along those lines, Federal Rule of Bankruptcy Procedure 4004(c) provides in pertinent part:

(1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge ... the court shall forthwith grant the discharge unless:

(A) the debtor is not an individual,

(B) a complaint objecting to the discharge has been filed,

(C) the debtor has filed a waiver under § 727(a)(10),

(D) a motion to dismiss the case under Rule 1017(e) is pending,

(E) a motion to extend the time for filing a complaint objecting to discharge is pending,

(F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e) is pending, or

(G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.

FED. R. BANKR. P. 4004(c).

Additionally, 11 U.S.C.A. § 523(a) (West 1993 & Supp.2002) provides that "[a] discharge under section 727 ... of this title

---

**2.** Creditors are allowed to file proofs of claim under 11 U.S.C.A. § 501 (West 1993), and 11 U.S.C.A. § 502 (West 1993 & Supp.2002) provides that all proofs of claim filed pursuant to § 501 are deemed allowed unless they are objected to.

**3.** Once a discharge under § 727 is entered, a "discharge injunction" is in place, pursuant to 11 U.S.C.A. § 524 (West 1993), which provides in part:

(a) A discharge in a case under this title—

. . . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C.A. § 524.

does not discharge an individual" from eighteen specific types of debts, including (1) customs taxes; (2) property obtained by false representations, false pretenses, or actual fraud, or by using documents representing the debtor's financial condition that is materially false with an intent to deceive; (3) certain unscheduled debts; (4) fiduciary fraud, embezzlement, or larceny; (5) alimony and/or child support; (6) judgments against the debtor for willful and malicious injuries; (7) fines, penalties, and/or forfeitures; (8) student loans; (9) personal injury or wrongful death judgments against the debtor arising from his driving under the influence of alcohol or drugs; (10) debts scheduled in a prior Chapter 7 case in which the debtor was denied or voluntarily waived discharge; (11) judgments against the debtor arising from fiduciary fraud in connection with any bank or credit union; (12) malicious or reckless failure by the debtor to maintain capital of a bank or credit union; (13) any restitution awarded under title 18 of the U.S.C.A.; (14) debts incurred to pay taxes referenced in § 523(a)(1); (15) property settlements in a divorce proceeding; (16) condominium fees or assessments past due; (17) filing fees required under title 28 of the U.S.C.A.; and (18) social security benefits in the nature of support.

*See* 11 U.S.C.A. § 523(a).[4]

With regards to unlisted or unscheduled debts, which form the basis of the issue presently before the court, § 523 specifically provides:

> (a)(3) [A discharge under section 727 . . . does not discharge an individual debtor from any debt] neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
> >
> > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;
>
> . . . .
>
> (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

11 U.S.C.A. § 523. Federal Rule of Bankruptcy Procedure 4007 governs determinations of dischargeability of debts and states, in part:

> (a) **Persons Entitled to File Complaint.** A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.

---

4. Congress has recently added a nineteenth category, fines or judgments assessed for violation of the Securities Exchange Act or fraudulent sale or purchase of securities, among those debts included in § 523(a). *See* Pub.L. No. 107–204, § 803, 116 Stat. 801 (2002).

**(b) Time for Commencing Proceeding Other than Under § 523(c) of the Code.** A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

**(c) Time for Filing Complaint Under § 523(c) in a Chapter 7 Liquidation, Chapter 11 Reorganization, or Chapter 12 Family Farmer's Debt Adjustment Case; Notice of Time Fixed.** A complaint to determine the dischargeability of a debt under § 523(c) [in a chapter 7 liquidation] shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . .

. . . .

**(e) Applicability of Rules in Part VII.** A proceeding commenced by a complaint filed under this rule is governed by Part VII of these rules.

Fed. R. Bankr. P. 4007. *See* also Fed. R. Bankr. P. 7001(6) ("[A] proceeding to determine the dischargeability of a debt" is an adversary proceeding.).

Accordingly, most of the debts listed in § 523(a) are nondischargeable, *per se;* however, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure require that an adversary proceeding be timely filed by a party seeking a determination of the dischargeability of a debt of the kind specified under § 523(c).

**III**

██ The issue before the court in these cases is whether it is necessary for a debtor who has been granted a discharge in a no-asset Chapter 7 bankruptcy case to reopen his case to add an omitted creditor.[5]

The Sixth Circuit addressed this issue in *Zirnhelt v. Madaj (In re Madaj),* 149 F.3d 467 (6th Cir.1998). The *Madaj* facts are similar to those presently before the court. The *Madaj* debtors filed a Chapter 7 bankruptcy case and failed to list the plaintiffs, who were creditors by virtue of a loan to the debtors. The debtors obtained a discharge in their no-asset case. *Id.* Sometime later, the plaintiffs filed a lawsuit against the debtors in state court, obtaining a judgment against them for the unpaid balance of the loan. Thereafter, the debtors filed a motion to reopen their bankruptcy case to add the plaintiffs. The plaintiffs opposed the motion, arguing that unlisted debts are not discharged. The bankruptcy court denied the debtors' motion, ruling that the plaintiffs' debt was discharged in the bankruptcy case. Both the district court and the Sixth Circuit affirmed that ruling.

In its decision, the Sixth Circuit opened by stating that

> [t]he confusion in the district and circuit courts concerning unlisted Chapter 7 debts in a no-asset case, including the dischargeability of such debts, the effect of an order of discharge on such debts,

---

**5.** The closing and reopening of a bankruptcy case is governed by § 350 of the Bankruptcy Code and is implemented procedurally by Bankruptcy Rule 5010. Specifically,

    (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

    (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C.A. § 350 (West 1993).

    A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

Fed. R. Bankr. P. 5010.

and the efficacy of reopening a bankruptcy case to include them, is widespread. This confusion is due, in part, to a line of cases that perpetuates the erroneous view that once his case is closed, the debtor must have his case reopened in order to discharge a prepetition debt not listed in the bankruptcy petition; once the case is reopened, the debtor amends his schedules to list the debt, and the now-scheduled debt is covered by the discharge. But this is not the law.

*Madaj,* 149 F.3d at 468. The court continued by stating that "[i]n a Chapter 7 no-asset case such as this, 'reopening the case merely to schedule [an omitted] debt is for all practical purposes a useless gesture.'" *Id.* (quoting *In re Hunter,* 116 B.R. 3, 5 (Bankr.D.D.C.1990)).

The Sixth Circuit then simplified § 523(a)(3) and the rules concerning unscheduled creditors as follows:

Section 523(a)(3) contains the only exceptions for unlisted and unscheduled debts.

Section 523(a)(3)(B) excepts from discharge those debts originally incurred by means of fraud, false pretenses, or malicious conduct, as enumerated in § § 523(a)(2), (4), and (6), . . . . [ 6]

Section 523(a)(3)(A) excepts from discharge all other debts—i.e., debts other than those fraudulent debts specified in § 523(a)(2), (4), or (6)—which are not listed by the debtor in his petition and schedules in time for the creditor to file a timely proof of claim.

However, even [§ ] 523(a)(3)(A) does not except an unscheduled debt from discharge if the creditor had notice or actual knowledge of the bankruptcy case in time for timely filing a proof of claim. In a Chapter 7 no-asset case the court does not set a deadline for the filing of proofs of claim. Rather, the court may notify creditors that there are no assets, that it is not necessary to file claims, and that if sufficient assets become available for payment of a dividend, further notice will be given for filing of claims. *See* FED. R. BANKR. P.2002(3). Therefore, there is no date by which a proof of claim must be filed to be "timely," and whenever a creditor receives notice or knowledge of the bankruptcy, he may file a proof of claim.

*Id.* at 469. "[O]nce the § 727 order of discharge is entered, all of the debtor's pre-petition debts are either discharged or they are not discharged; nothing the debtor does after the entry of the order of discharge can change the character of those debts." *Id.* at 472.

In summary, in a no-asset Chapter 7 case, if a creditor is given notice or learns of the bankruptcy prior to any assets being later recovered, the creditor may still "timely" file a proof of claim. *See id.* at 470. Accordingly, "the moment the creditor receives notice or knowledge of the bankruptcy case, § 523(a)(3)(A) ceases to provide the basis for an exception from discharge. Consequently, the debt is at that point discharged." *Id.*

As such, reopening a no-asset Chapter 7 bankruptcy case to amend a debtor's schedules to add an unlisted creditor "has no effect on the dischargeability of the debt and is, therefore, unnecessary." *Id.* In fact, "reopening [a] case to amend schedules would not affect the rights or liabilities of anyone, but would only be an

---

**6.** "A debt is either fraudulent or not depending on the debtor's action and intent in incurring the debt in the first instance. An otherwise innocently incurred debt . . . does not suddenly become a fraudulently incurred debt when the debtor fails to list it." *Madaj,* 149 F.3d at 471.

exercise in futility." *In re Mendiola*, 99 B.R. 864 (Bankr.N.D.Ill.1989); *see also In re Cheely*, 280 B.R. 763, 766 (Bankr. M.D.Ga.2002) ("allowing [a debtor] to reopen his case to add a previously unlisted creditor [has] no effect on whether or not the discharge injunction applies"); *Keenom v. All Am. Mktg. (In re Keenom)*, 231 B.R. 116, 125 (Bankr.M.D.Ga.1999) (a discharge under § 727 "is final when entered" and amending the schedules subsequent thereto does not "change what debts were or were not discharged by that discharge"); *In re Gardner*, 194 B.R. 576, 578 (Bankr.D.S.C.1996) (under § 727(b), even unscheduled debts are discharged, and reopening the bankruptcy case to add a creditor has no effect).

Additionally, there is a filing fee of $155.00 associated with the reopening of a bankruptcy case. *See* 28 U.S.C.A. § 1930(a), (b) (West 1994 & Supp.2002). When a debtor unnecessarily files a motion to reopen, he also unnecessarily spends money that could be used elsewhere. Likewise, a debtor might incur additional, yet unnecessary, attorney's fees.

In each of the cases at bar, the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines sent by the court to scheduled creditors on November 12, 1999, expressly states:

> Secured Creditors File Claims Now. No Assets At This Time. Unsecured Creditors Do Not File Claims Unless Notified To Do So.

In each case, the Chapter 7 trustee, Mr. Roberts, filed a Trustee's Report of No Distribution and Abandonment of Property on December 14, 1999. In each case, a Closing Report, dated April 12, 2000, shows Total Disbursements of $0.00. Clearly, both of these Chapter 7 bankruptcy cases are "no-asset cases" as contemplated by the Sixth Circuit in *Madaj*. Since the court has not directed unsecured creditors to file claims, the deadline for filing unsecured claims has not run, and any such proofs of claim would be considered "timely." Since Ms. Hunt has now received notice of the Debtors' bankruptcy cases, if her cause of action in the Knox County Circuit Court Lawsuit is based upon actions of the Debtors arising prepetition, i.e., before November 9, 1999, and the cause of action is not based upon fraud, false pretenses, or willful and malicious conduct of the Debtors, as contemplated in § 523(a)(2), (4), or (6), the Debtors' liability as to any debts owed to her was discharged on February 29, 2000, for Richard Earl Williams and on March 3, 2000, for Charlie Williams.[7] Her continued pursuit of her claim in state court could run her afoul of the injunctive provisions of 11 U.S.C.A. § 524(a)(2).[8] *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir.2000) ("[T]he traditional remedy for violation of [the § 524(a)(2) ] injunction lies in contempt proceedings."); *In re Miller*, 247 B.R. 224, 228 (Bankr.E.D.Mich.2000) ("[A] debtor who is injured by a willful violation of the discharge injunction is enti-

---

**7.** If Ms. Hunt's state court action is based upon a claim allegedly cognizable under § 523(a)(2), (4), or (6), she must still obtain a determination that the Debtors' obligations are nondischargeable. *See* § 523(a)(3)(B); *Lucchesi v. Lucchesi (In re Lucchesi)*, 181 B.R. 922, 928 (Bankr.W.D.Tenn.1995) ("[T]he Bankruptcy Code ... precludes a creditor who has 'actual knowledge of the case' from raising dischargeability issues provided that the creditor's knowledge was obtained in time

to permit the creditor to timely file ... a § 523(a)(2), (4), or (6) complaint."); *In re Humar*, 163 B.R. 296, 299 (Bankr.N.D.Ohio 1993) ("If the creditor meets the criteria of § 523(a)(3)(B), then it may bring its dischargeability suit but, in addition must prove nondischargeability under §§ 523(a)(2), (a)(4) or (a)(6).").

**8.** *See supra* n. 3.

tled to damages, including reasonable attorney fees."), *aff'd Miller v. Chateau Communities, Inc. (In re Miller)*, 282 F.3d 874 (6th Cir.2002).

## IV

In summary, it is not necessary or frugal for a discharged debtor to file a motion to reopen a closed no-asset Chapter 7 bankruptcy case to add unscheduled creditors.

Each Debtors' Motion to Re–Open Case shall be denied and orders consistent with this Memorandum will be entered.