**In re Gerald Lynn GRAHAM, Sr.,
Barbara Ann Graham,
Debtors.**

No. 03–31296.

United States Bankruptcy Court,
E.D. Tennessee.

June 12, 2003.

Richard M. Mayer, Knoxville, Tennessee, for Debtors.

Bailey, Roberts & Bailey, PLLC, N. David Roberts, Jr., Knoxville, Tennessee, Chapter 7 Trustee.

Richard F. Clippard, United States Trustee, Patricia C. Foster, Knoxville, Tennessee, for United States Trustee.

### MEMORANDUM ON MOTION TO EXTEND TIME TO FILE REAFFIRMATION AGREEMENT

RICHARD S. STAIR, JR., Bankruptcy Judge.

This matter is before the court upon the Motion to Extend Time to File Reaffirmation Agreement (Motion) filed by the Debtors in their Chapter 7 bankruptcy case on

June 5, 2003. In the Motion, the Debtors request that the court extend the time in which they may file a reaffirmation agreement to July 13, 2003. The court, in an attempt to clarify what appears to be an all too common failure on the part of counsel for some Chapter 7 debtors to distinguish between the filing and execution of reaffirmation agreements, will utilize this Memorandum to discuss the difference.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993).

## I

The Debtors filed the voluntary petition initiating their Chapter 7 bankruptcy case on March 10, 2003. The meeting of creditors, held pursuant to 11 U.S.C.A. § 341 (West 1993 & Supp.2003), was scheduled for and held on April 14, 2003. Accordingly, the deadline to file a complaint objecting to the Debtors' discharge under 11 U.S.C.A. § 727(a) (West 1993) or to determine the dischargeability of any particular debt pursuant to 11 U.S.C.A. § 523(a) (West 1993 & Supp.2003) is sixty days thereafter, or June 13, 2003. *See* FED. R. BANKR. P. 4004(a). If no party in interest files a complaint objecting to discharge or a motion to dismiss the bankruptcy case on or before June 13, 2003, the court will grant the Debtors' discharge after that date. *See* FED. R. BANKR. P. 4004(c)(1).[1]

On June 5, 2003, the Debtors filed their Motion, stating that they needed additional time to negotiate a reaffirmation agreement and asking the court to extend the time to file a reaffirmation agreement to July 13, 2003. The Motion will be denied for the reasons stated in this opinion.

## II

A Chapter 7 discharge enables an "honest but unfortunate" debtor to obtain relief from his debts, allowing him a "fresh start." *In re Krohn,* 886 F.2d 123, 125 (6th Cir.1989) (citing *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)). In exchange for the liquidation of his assets, the debtor's debts are discharged. *Krohn,* 886 F.2d at 125; *In re Williams,* 291 B.R. 445, 446 (Bankr. E.D.Tenn.2003). A Chapter 7 discharge does not actually extinguish a debtor's debts; however, he is no longer personally liable for the discharged debts. *Williams,* 291 B.R. at 446 (citing *Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51, 53 (5th Cir.1993)).

Nevertheless, a debtor may voluntarily choose to retain, or reaffirm, any dischargeable debt by executing a reaffirmation agreement with a specific creditor. *See In re Strong,* 232 B.R. 921, 923 (Bankr. E.D.Tenn.1999). Reaffirmation agreements are governed by 11 U.S.C.A. § 524(c) (West 1993 & Supp.2003), which states:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
>
> > (1) such agreement was made before the granting of the discharge under section 727 . . . of this title;
> >
> > (2)(A) such agreement contains a clear and conspicuous statement

---

1. Rule 4004(c)(1) allows the court to grant a debtor's discharge unless the debtor is not an individual, a complaint objecting to discharge has been filed, a motion to extend the time for objecting to discharge has been filed, the debtor has filed a waiver of his discharge, a motion to dismiss the bankruptcy case has been filed, or the debtor has not paid all filing fees.

which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim; and

(B) such agreement contains a clear and conspicuous statement which advises the debtor that such agreement is not required under this title, under nonbankruptcy law, or under any agreement not in accordance with the provisions of this subsection;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that—

(A) such agreement represents a fully informed and voluntary agreement by the debtor;

(B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and

(C) the attorney fully advised the debtor of the legal effect and consequences of–

(i) an agreement of the kind specified in this subsection; and

(ii) any default under such an agreement;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(5) the provisions of subsection (d) of this section have been complied with; and

(6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as–

(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor.

(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

11 U.S.C.A. § 524(c). "The only manner in which a debtor's personal liability on a pre-petition debt can survive a discharge is through an enforceable reaffirmation agreement between the debtor and creditor pursuant to ... § 524(c)." *In re Cruz*, 254 B.R. 801, 813 (Bankr.S.D.N.Y.2000) (quoting *In re Moore*, 50 B.R. 301, 302 (Bankr.S.D.Ohio 1985)). Additionally, "[r]eaffirmation involves, or should involve, renegotiation of the debt, and the terms of the reaffirmation agreement may be different from the original contract terms." *Strong*, 232 B.R. at 923.

In order for a reaffirmation agreement to be valid, it must strictly comply with all of the requirements set forth in § 524(c). *See Cruz*, 254 B.R. at 814–15; *Strong*, 232 B.R. at 923; *In re Walker*, 194 B.R. 165, 169–70 (Bankr. E.D.Tenn.1996) (failure to fully comply with these requirements renders a reaffirmation agreement invalid). These "reaffirmation rules ... 'protect debtors from compromising their fresh start by making unwise agreements to repay dischargeable debts.'" *Cruz*, 254 B.R. at 815 (quoting *Republic Bank, N.A. v. Getzoff (In re Getzoff)*, 180 B.R. 572, 574 (9th Cir. BAP 1995)). Section 524(c) "must be construed to protect the debtor's interests, and not those of his creditors." *In re Eccleston*, 70 B.R. 210, 212 (Bankr.N.D.N.Y.1986).

At issue in the Debtors' Motion are the entering into and filing requirements of § 524(c) as they relate to the entry of the Debtors' discharge and the § 524(c)(1) time limitation.

### III

 Section 524(c)(1) specifically provides that in order to be valid, a reaffirmation agreement must be "made" prior to the entry of discharge. *See* 11 U.S.C.A. § 524(c)(1); *Eccleston,* 70 B.R. at 212 ("[T]he unambiguous language of [§ 524(c) states that] reaffirmation agreements must be entered into prior to discharge to have legal significance. Those entered into after entry of a discharge are unenforceable, and are of no legal significance."). "[T]he timing requirement [of Section 524(c)(1) ] is imposed as a matter of substantive statutory law and not by procedural rule. While the date for discharge may be delayed in appropriate cases …, the statutory requirement cannot be waived or extended after discharge occurs." *In re Collins,* 243 B.R. 217, 219 (Bankr.D.Conn.2000) (quoting 3 WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW & PRACTICE 2D § 48.8 (1999)). As such, the bankruptcy court lacks jurisdiction to approve any reaffirmation agreement entered into after a debtor's discharge has been granted. *In re Gibson,* 256 B.R. 786, 787 (Bankr.W.D.Mo.2001).[2] Section 524(c)(1) is generally construed to require that the parties to the reaffirmation agreement executed the document prior to the debtor's discharge in order for the agreement to be valid and binding. *See Collins,* 243 B.R. at 220 ("[F]or Section 524(c)(1) purposes, a reaffirmation agreement is 'made' no earlier than the time when the requisite writing which embodies it has been fully executed by the debtor[.]").

 Likewise, in order to be valid and binding, reaffirmation agreements must be filed with the bankruptcy court. *See* 11 U.S.C.A. § 524(c)(3). Be that as it may, § 524(c) does not contain any provision requiring that a reaffirmation agreement be filed with the court prior to entry of discharge in order for it to be valid. *Compare* § 524(c)(1) ("such agreement was made before the granting of the discharge …") *with* § 524(c)(3) ("such agreement has been filed with the court …"); *see also In re Davis,* 273 B.R. 152, 153 (Bankr.S.D.Ohio 2001) ("A careful reading of § 524 shows that only subsection (1),

---

**2.** Debtors are usually unable to validate an invalid reaffirmation agreement once discharge has been granted. *See, e.g., Gibson,* 256 B.R. at 787–88 (the re-opening of a debtor's Chapter 7 bankruptcy case to file a reaffirmation agreement entered into after discharge will not validate the agreement); *In re Brinkman,* 123 B.R. 611, 612–13 (Bankr. N.D.Ind.1991) (discharge may not be revoked pursuant to 11 U.S.C.A. § 727(d) (West 1993) for the purpose of entering into and/or validating invalid reaffirmation agreements); *Eccleston,* 70 B.R. at 213 (the bankruptcy court will not use its equitable powers to vacate an entry of discharge for the purpose of validating an otherwise invalid reaffirmation agreement without a showing of the "extraordinary circumstances" contemplated by Federal Rule of Bankruptcy Procedure 9024, incorporating Federal Rule of Civil Procedure 60(b)).

Nevertheless, in the event that a valid reaffirmation agreement is not executed prior to a debtor's discharge, a debtor does have another option in that he may continue to voluntarily make payments to a creditor, although he is under no obligation to do so. *See* 11 U.S.C.A. § 524(f) (West 1993) ("Nothing contained in subsection (c) … of this section prevents a debtor from voluntarily repaying any debt."); *Strong,* 232 B.R. at 923. However, even if the creditor accepts these voluntary payments, the automatic stay provided for by 11 U.S.C.A. § 362(a) (West 1993 & Supp. 2003) is terminated, *see* 11 U.S.C.A. § 362(c) (West 1993), and the creditor may exercise its right to repossess its collateral securing the now discharged debt. *Strong,* 232 B.R. at 923.

which addresses the 'making' of the reaffirmation agreement, contains a temporal requirement. Subsection (3), which addresses the 'filing' requirement, contains no such temporal requirement."). In fact, "where it can be shown that the reaffirmation agreement was 'made,' i.e., signed *before* the granting of the discharge, then the reaffirmation agreement may be 'filed' *after* the granting of the discharge." *Davis,* 273 B.R. at 153 (emphasis in original); *see also In re Whisenant,* 265 B.R. 164, 167 (Bankr.E.D.Ark.2001) ("Section 524 does not provide that the filing of the reaffirmation agreement must occur before the discharge is granted[.]"); *Rigal v. Fleet Mortgage Corp. (In re Rigal),* 254 B.R. 145, 146 n. 3 (Bankr.S.D.Tex.2000) ("Under [§ 524(c)'s] statutory scheme, it would appear that [an] agreement may be filed after discharge if all other requirements are completed prior to discharge."); *but see In re Pettet,* 271 B.R. 855, 857 (Bankr. S.D.Ind.2002) (construing § 524(c)(1) to require both execution and filing of reaffirmation agreement prior to the debtor's discharge).[3]

■ In summary, it is not the filing of the reaffirmation agreement prior to the date of discharge that controls whether it is valid and binding, but rather, it is the entering into of the agreement that controls. In this jurisdiction, a reaffirmation agreement is entered into on the date that it is fully executed by all parties thereto.

## IV

■ In a case such as the Debtors', whereby they wish additional time in which to enter into a reaffirmation agreement with a creditor, the proper procedure is the filing of a motion to defer the court's entry of the discharge order for thirty days pursuant to Federal Rule of Bankruptcy Procedure 4004(c)(2), which provides that ". . . on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain." FED. R. BANKR. P. 4004(c)(2).[4] The purpose of this Rule is to allow debtors "additional time to negotiate reaffirmation agreements given that they are not enforceable if entered into post-discharge." *In re Edwards,* 236 B.R. 124, 127 (Bankr.D.N.H. 1999) (citing FED. R. BANKR. P. 4004(c) advisory committee's note); *see also Ind. Nat'l Bank v. Lones (In re Lones),* 50 B.R. 801, 803 (Bankr.W.D.Ky.1985).

[I]f the debtor is encountering difficulties or delays in making the decision whether or not to reaffirm, or in negotiating and executing a reaffirmation agreement, it need only ask the court to defer the entry of the discharge in order to accommodate the timing problems. When the bankruptcy rules specifically provide such a simple and efficient tool, there should be no reason to resort to extraordinary remedies.

*In re Brinkman,* 123 B.R. 611, 613 (Bankr. N.D.Ind.1991).

The Debtors incorrectly filed their Motion to extend the time in which they may file a reaffirmation agreement. Instead, the Debtors must file a motion for deferral

---

**3.** Although there is no statutory time limitation in § 524(c) for the filing of a reaffirmation agreement, the court instructs that it is always preferable to file any agreement prior to the closing of a bankruptcy case, as there are added procedures and an additional cost for re-opening closed cases.

**4.** By the plain language of Rule 4004(c)(2), this 30–day deferral may not be requested by a creditor, but instead may only be filed by the debtor. *See* FED. R. BANKR. P. 4004(c)(2); *801 Credit Union v. Heller (In re Heller),* 123 B.R. 782, 783 (Bankr.S.D.Ohio 1991).

of the entry of their discharge.[5] Seeing as their discharge may be entered at any time after June 13, 2003, presuming that all other requirements of Federal Rule of Bankruptcy Procedure 4004(c)(1) have been met,[6] time is of the essence in their filing of the proper motion. The court will, however, on its own motion, defer entry of the order of discharge through June 20, 2003.

For the above reasons, the Motion will be denied.[7] An appropriate order will be entered.

### ORDER

For the reasons stated in the Memorandum on Motion to Extend Time to File Reaffirmation Agreement filed this date, the court directs that the Motion to Extend Time to File Reaffirmation Agreement filed by the Debtors on June 5, 2003, is DENIED.

The court, on its own motion, further directs that entry of the order granting the Debtors their discharge will be deferred seven (7) days through June 20, 2003.

SO ORDERED.

---

**5.** A corresponding order should always accompany a motion pursuant to Rule 4004(c)(2), as the court routinely grants these motions for the purpose of allowing additional time for well-informed debtors to enter into reaffirmation agreements.

**6.** See supra n. 1.

**7.** Notwithstanding that the Motion will be denied, the court will direct that the entry of the order of discharge be deferred seven days through June 20, 2003, to provide the Debtors time to file an appropriate motion.