**In re Laura Anne HINSON, Debtor.**

**No. 06–01574–8–JRL.**

United States Bankruptcy Court,
E.D. North Carolina,
Wilmington Division.

Sept. 11, 2006.

William T. Batchelor, II, Carolina Legal Associates, Wilmington, NC, for Debtor.

Pamela P. Keenan, Kirschbaum, Nanney, Keenan & Griffin, PA, Raleigh, NC, for creditor.

Algernon L. Butler, III, Butler & Butler, Wilmington, NC, trustee.

## ORDER

This case is before the court on the debtor's motion for contempt. On August 16, 2006, the court conducted a hearing on this matter in Wilmington, North Carolina.

On April 10, 2004, the debtor purchased a 2001 Dodge Grand Caravan pursuant to the terms of an installment sales contract ("the contract"). Coastal Federal Credit Union ("Coastal") was assigned the contract. Coastal holds a first lien on the vehicle. On May 31, 2006, the debtor filed this Chapter 7 case and filed a statement

of intention indicating that she wanted to reaffirm the debt, pursuant to § 524(c). Coastal sent the debtor's attorney a proposed reaffirmation agreement that included the original terms of the contract but required the debtor to reimburse Coastal for attorney's fees in the amount of $350.00 to be paid at the end of the loan. On June 26, 2006, the debtor returned the reaffirmation agreement to Coastal. The debtor signed the agreement but struck out the language requiring the reimbursement of attorney's fees. The debtor's attorney did not sign the agreement. The debtor asserts that the ipso facto provision of the contract is not enforceable here and that Coastal should be held in contempt for attempting to collect attorney's fees that the debtor is not obligated to pay.

Coastal has not agreed to enter the altered reaffirmation agreement with the debtor. Coastal contends that, pursuant to paragraph G of the contract, the debtor agreed that she would be in default upon filing any proceeding under the U.S. Bankruptcy Code and that Coastal would be entitled to recover its reasonable collection costs, including attorney fees. Coastal argues that, as a direct result of the debtor filing bankruptcy, it had to retain an attorney to assure the continued collection of the debt secured by the vehicle through the reaffirmation process.

Congress added § 521(2) to the Bankruptcy Code when it passed the Bankruptcy Amendments and Federal Judgeship Act of 1984. With the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), § 521(2) is now § 521(a)(2). Subsection (A) was not altered by BAPCPA. A debtor is required to file her statement of intention "with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." 11 U.S.C. § 521(a)(2)(A). The statement of intention is to be filed "within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes...." *Id.* In the case at bar, the debtor met this requirement by timely filing a statement of intention along with her petition stating that she wanted to reaffirm the debt owed to Coastal on the vehicle, pursuant to 11 U.S.C. § 524(c).

Subsection (B) of § 521(a)(2) then states that "the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph." 11 U.S.C. § 521(a)(2)(B). This must be done "within 30 days after the first date set for the meeting of creditors under section 341(a); or within such additional time as the court, for cause, within such 30-day period fixes...." *Id.* While the time frame was shortened from 45 days under the old law to 30 days under BAPCPA, the requirement that "the debtor shall perform his intention" remains unchanged. 11 U.S.C. § 521(a)(2)(B). As stated by the Third Circuit in addressing former § 521(2)(B), the provision "should not be read as mandating that debtors must entirely consummate their stated intention within the 45 days [now 30 days]." *In re Price,* 370 F.3d 362, 372 (3d Cir. 2004). It requires the debtor to "take steps to act on an intention to either retain or surrender." *Id.* This interpretation is reasonable, as a debtor could take the necessary steps to reaffirm the debt on a timely basis but then face hurdles because the creditor fails to sign the agreement. The court finds that the debtor met the requirement of § 521(a)(2)(B) by timely

taking steps to reaffirm the debt on its original terms.

■ Section 521(a)(2)(C) states that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)." 11 U.S.C. § 521(a)(2)(C). The exception was created by BAPCPA. Newly created section 362(h)(1) states:

In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, **unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.** (Emphasis added).

11 U.S.C. § 362(h)(1). Thus, in order to avoid the stay lifting and the property no longer being property of the estate, the debtor must timely file her statement of intention and timely take action specified in the statement of intention. Section 362(h)(1)(B), however, states that offering to reaffirm on the original terms of the contract is sufficient.

In *In re Effird*, No. 06–00216–5–ATS (Bankr.E.D.N.C. Jun. 21, 2006), the debtor offered to reaffirm the debt on the same terms as the original contract, and the creditor would not sign the agreement. The court found § 362(h)(1)(B) applicable, and the stay was not terminated. The court took no further action, concluding that the reaffirmation agreement was unenforceable because the creditor had not signed it.

■ Coastal asserts that the debtor defaulted on the contract by filing bankruptcy and that its attorney's fees of $350.00 are reasonable collection costs authorized under the original contract terms. The problem with this argument is that it requires the court to enforce an ipso facto clause in the contract. The general rule is that an ipso facto clause in an installment loan contract is "unenforceable as a matter of law." *In re Donald*, 343 B.R. 524, 538 (Bankr.E.D.N.C.2006) (quoting *In re Belanger*, 962 F.2d 345, 348 (4th Cir.1992)). While BAPCPA carved out an exception to this rule by adding § 521(d), in order for an ipso facto clause to be made operative, the debtor must have failed to have timely taken action under § 521(a)(6) or § 362(h)(1)-(2). 11 U.S.C. § 521(d).

■ Section 521(a)(6) only applies in Chapter 7 cases where "a creditor has an allowed claim for the purchase price." 11 U.S.C. § 521(a)(6). As acknowledged by Judge Small, having an allowed claim typically requires a proof of claim to be filed. *In re Donald*, 343 B.R. at 536. However, before § 521(a)(6), secured creditors had no reason to file a proof of claim. *Id.* In addition, "[c]reditors will rarely have an

allowed claim for the full purchase price of personal property, either because consumer purchases typically involve a down payment or because where the full purchase price was financed, installment payments have been made prior to bankruptcy." *Id.* at 537. In this case, § 521(a)(6) is not applicable. Prior to filing bankruptcy, the debtor made payments on the debt pursuant to the contract, and Coastal only claims the remaining balance, not the purchase price of the vehicle.

Because § 521(a)(6) is not applicable here, the only other way for an ipso facto provision to be enforced under § 521(d) is if the debtor has failed to comply with § 362(h)(1)-(2). The court finds that the debtor has complied with § 362(h)(1) by timely filing her statement of intention to reaffirm the debt and by timely taking action to enter the reaffirmation agreement on its original terms. Section § 362(h)(1)(B) "gives leverage [to a debtor] to insist on terms no worse than those in the original contract," at least for debtors not in default. Jean Braucher, *Rash and Ride–Through Redux: The Terms for Holding on to Cars, Homes and Other Collateral under the 2005 Act,* 13 AM. BANKR. INST. L. REV. 457, 478 (2005). Coastal admits that the debtor's payments due under the contract were current at the time of filing and have remained current throughout the course of this case. Section § 362(h)(2) is not applicable here, as that provision involves a situation where the trustee files a motion and the court determines, after notice and a hearing, that the subject property "is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee." 11 U.S.C. § 362(h)(2).

Because the debtor has fashioned her motion as seeking only sanctions, it is denied. Reaffirmation post-BAPCA, like pre-BAPCPA, remains a matter of contract, and Coastal may legitimately insist on terms additional to those in the original agreement. *See Schott v. WyHy Federal Credit Union (In re Schott),* 282 B.R. 1, 7–8 (10th Cir. BAP 2002); *Jacobs v. Honda Fed. Credit Union (In re Jacobs),* 321 B.R. 451, 455 (Bankr.N.D.Ohio 2004); *In re Graham,* 297 B.R. 695, 698 (Bankr. E.D.Tenn.2003). But having chosen to do so here in the case of a debtor who has always been current with her payments, Coastal must live with the consequences if the debtor declines to reaffirm on Coastal's terms but desires to continue with the original agreement. As the debtor here timely agreed to reaffirm the debt on the original terms of the contract, the stay remains in place and the vehicle remains property of the estate, pursuant to § 362(h)(1)(B). The ipso facto clause of the contract remains ineffectual, as the provisions of § 521(d) that would give it effect have not been met.